Lawrence C. SKOW, Libelant,

v.

GYPSUM CARRIER, Inc., a corporation, Smith-Rice Company, a corporation, Doe One, Doe Two and Doe Three, Respondents.

No. 27658.

United States District Court
N. D. California, S. D.
April 24, 1958.

880

Lawrence C. Skow, pro se.

Herbert Resner, San Francisco, Cal., for libelant.

Graham, James & Rolph, San Francisco, Cal., by Francis L. Tetreault, San Francisco, Cal., for respondent Gypsum Carrier, Inc.

Derby, Cook, Quinby & Tweedt, San Francisco, Cal., by Carter Quinby, San Francisco, Cal., for respondent Smith-Rice Derrick Barges, Inc. (sued herein as Smith-Rice Co.).

ROCHE, District Judge.

Libelant, Lawrence Skow, was employed by respondent Gypsum Carrier, Inc., as foreman of a shoreside gang engaged to load stores and secure deck cargo being loaded aboard the S.S. Harry Lundeberg. Libelant was employed for this one job, which required some fourteen hours for its completion. During this period of time, four hours after libelant reported for work, he received the injury which is the subject matter of this libel.

Part of the deck cargo being loaded was a dismantled crane. It was being lifted from respondent Smith-Rice Derrick Barge, Inc.'s barge to the deck of the Harry Lundeberg by means of the working crane on the barge. Libelant, on board the Harry Lundeberg, tried to unscrew the pin from the shackle which was secured to one end of the piece of crane being brought aboard. Because the threads of the pin were stripped, he could not free the pin with one hand. Libelant then gripped the shackle with his left hand while he attempted to unscrew the pin with his right hand. At that moment the ship rolled, crushing his left hand between two lengths of crane. The defective pin belonged to respondent Smith-Rice Derrick Barge, Inc.

The first question for decision is whether libelant was a member of the crew within the contemplation of the Jones Act, 41 Stat. 1007 (1920), 46 U.S.C.A. § 688 (1952), or must take his relief from respondent Gypsum Carrier, Inc. under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424 (1927), as amended, 33 U.S.C.A. §§ 901–950 (1952), as amended, 33 U.S.C. §§ 906–944 (Supp. IV, 1957). The test to be applied in determining the status of a person in libelant's position was laid down in South Chicago Coal & Dock Co. v. Bassett, 1940, 309 U.S. 251, 260, 60 S.Ct. 544, 549, 84 L.Ed. 732:

"* * * This Act [Longshoremen's and Harbor Workers' Compensation Act], as we have seen, was to provide compensation for a class of employees at work on a vessel in navigable waters who, although they might be classed as seamen (International Stevedoring Co. v. Haverty), 1926, supra [272 U.S. 50, 49 S.Ct. 19, 71 L.Ed. 157] were still regarded as distinct from members of a 'crew.' They were persons serving on vessels, to be sure, but their service was that of laborers, of the sort performed by longshoremen and harbor workers and thus distinguished from those employees on the vessel who are naturally and primarily on board to aid in her navigation. [Cases cited.]"

In the instant case, the court finds that libelant was on board the S.S. Harry Lundeberg to do the sort of work performed by longshoremen and not primarily to aid in her navigation. Accordingly, there is no reasonable basis for finding that libelant was a "member of a crew," and libelant's sole remedy against his employer, Gypsum Carrier,

Inc., is under the Longshoremen's and Harbor Workers' Compensation Act.

The second question for decision is whether or not libelant can recover from Smith-Rice Derrick Barge, Inc., for its alleged negligence in furnishing the defective pin and shackle. The record shows that Smith-Rice Derrick Barge, Inc., was negligent and that its negligence was the proximate cause of libelant's injury.

The court having heard oral argument of counsel and considered the pleadings and memoranda filed by counsel for the parties,

It is by the Court ordered that there be entered herein, upon findings of fact and conclusions of law, judgment in favor of respondent Gypsum Carrier, Inc. and against libelant, and in favor of libelant and against respondent Smith-Rice Derrick Barge, Inc., in the sum of $4,700 and that the respective parties pay their own costs.