**GRACE LINE, INC., a corporation, and S.S. SANTA JUANA, Appellant,**

v.

**Michael J. KANTON, Appellee.**

**No. 20636.**

United States Court of Appeals
Ninth Circuit.

Sept. 8, 1966.

See also, D.C., 234 F.Supp. 409.

had incurred said medical costs directly, he would be entitled to an award in that amount. That respondent and claimant are not entitled to an offset of said medical costs."

We concur, and affirm on this issue. Affirmed.

---

Edward S. Franklin, John P. Sullivan, Bogle, Gates, Dobrin, Wakefield & Long, Seattle, Wash., for appellant.

Harold F. Vhugen, Levinson & Friedman, Seattle, Wash., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

PER CURIAM:

The Supreme Court of the United States in Reed v. The YAKA, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963), found in effect that the bareboat charter made the stevedore employer the owner of the boat for the duration of the bareboat charter. It held the stevedore employee could maintain a libel *in rem* against the vessel for injuries resulting from the unseaworthiness of the vessel, and that the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950, did not provide an exclusive remedy.

We find the facts of this case undistinguishable.

The District Court made the following Finding of Fact No. 20:

"That the sum of $4,822.05 was paid to libelant in compensation. That $1,490.10 in reasonable medical costs were paid to furnish necessary care and treatment of libelant's injuries. That respondent and claimant are entitled to offset the sum of $4,822.05 paid in compensation. That if libelant