**Bertram A. WATSON, Appellant,**

v.

**GULF STEVEDORE CORPORATION, Appellee.**

No. 23579.

United States Court of Appeals Fifth Circuit.

March 28, 1967.

Rehearing Denied May 8, 1967.

* Of the Second Circuit sitting by designation.

W. Jiles Roberts, Houston, Tex., for appellant.

Carl O. Bue, Jr., Houston, Tex., Royston, Rayzor & Cook, Houston, Tex., of counsel, for appellee.

Before HUTCHESON, GEWIN and COLEMAN, Circuit Judges.

HUTCHESON, Circuit Judge.

The question presented is whether a libel for damages may be brought by a longshoreman-employee directly against the employer-stevedore despite the exclusiveness of liability provision of the Longshoremen's and Harbor Workers' Compensation Act.[1] The district court answered this question in the negative and accordingly granted a summary judgment in favor of the employer-stevedore.[2] We affirm.

The libellant Watson, a longshoreman employed by appellee Gulf Stevedoring Corporation, was injured while handling cargo aboard the SS SAN DIMITRIS in Houston, Texas. It is important that the employer occupied solely the position of a shoreside stevedoring company having no ownership or operational interest in the vessel. The employer-stevedore's contract was with Luria Bros., a cargo owner and space charterer, rather than with the vessel owner. Libellant declares he was unable to bring the libel against the vessel or vessel owner because the vessel has changed ownership and names several times since the injury, and, in addition, has been broken up. Instead, he filed this libel against the employer-stevedore *in personam* on August 1, 1963, approximately six years after the accident happened on February 6, 1957.

The obstacle, which we hold to be insurmountable, in the path of this libel is 33 U.S.C. Sec. 905 which states in part that the liability of an employer for compensation "shall be exclusive and in place of all other liability of such employer to the employee * * * on account of such injury * * *." Although this section deprives employees of certain common-law rights and thus the chance to obtain large tort verdicts against their employers, it in turn grants them the quid pro quo of assured compensation. On the other hand, while the employers

1. 33 U.S.C. Sec. 905, which provides in pertinent part:
   The liability of an employer [for compensation] shall be exclusive and in place of all other liability of such employer to the employee * * * and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death * * *.

2. 257 F.Supp. 503 (S.D.Tex.1965).

are required to pay compensation regardless of fault, their benefit is the certainty of limited liability.[3] But it is to be remembered that the employee's right of recovery is limited by Sec. 905 only as against the employer; the employee remains free to sue nonemployer third parties for damages. See Seas Shipping Co., Inc. v. Sieracki, 328 U.S. 85, 101–102, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); 33 U.S.C. Sec. 933.

■■ The theory of the libel before us is based upon settled principles. The vessel owner owes to the longshoreman the nondelegable obligation to maintain a seaworthy vessel; hence, the longshoreman may sue the vessel owner *in personam* or the vessel *in rem* for injuries caused by unseaworthiness. Waterman Steamship Corp. v. Dugan & McNamara, Inc., 364 U.S. 421, 424, 81 S.Ct. 200, 5 L.Ed.2d 169 (1960); Seas Shipping Co., Inc. v. Sieracki, supra. Furthermore, the stevedoring company impliedly warrants that it will perform its stevedoring services in a workmanlike manner; thus the stevedore must indemnify the vessel owner for damages paid to the longshoreman when a breach of the warranty of workmanlike service brings into play the vessel's unseaworthiness.[4] Using those established principles as a platform, libellant urges two contentions

on which he attempts to sue the employer-stevedore directly: first, that the longshoreman is a third-party beneficiary of the warranty of workmanlike service; second, that the longshoreman is the equitable owner of the vessel owner's claim for indemnity against the stevedore.

■ Both contentions assume the vessel's unseaworthiness which present law permits to be adjudicated only in an action against the vessel or its owner. To allow an adjudication of unseaworthiness in a libel by a longshoreman against the employer-stevedore plainly would destroy Sec. 905. It is true that both the vessel and its owner are regarded as third-party beneficiaries of a stevedoring contract between the stevedore and someone other than the vessel owner, such as a charterer[5] or a consignee[6] of the cargo.[7] But there is no authority either that the longshoreman is similarly regarded[8] or that he is the equitable owner of the indemnification claim. Refusing to overlook the clear language of Sec. 905, we hold that this employee's sole and exclusive remedy, if any, is against the vessel owner.[9]

Reed v. The S. S. Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963) clearly is distinguishable from the instant case. There the Court held that the

---

3. See Ryan Stevedoring Co., Inc. v. Pan-Atlantic Corp., 350 U.S. 124, 129, 140, 76 S.Ct. 232, 100 L.Ed. 133 (1956); Smither & Co., Inc. v. Coles, 100 U.S. App.D.C. 68, 242 F.2d 220, 222–223, cert. denied, 354 U.S. 914, 77 S.Ct. 1299, 1 L. Ed.2d 1129 (1957); Haynes v. Rederi A/S Aladdin, 362 F.2d 345, 350 (5th Cir. 1966).

4. Italia Societa, etc. v. Oregon Stevedoring Co., Inc., 376 U.S. 315, 84 S.Ct. 748, 11 L. Ed.2d 732 (1964); Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 429, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959); Ryan Stevedoring Co., Inc. v. Pan-Atlantic Corp., supra note 3, 350 U.S. at 132, 76 S.Ct. 232; Waterman Steamship Corp. v. David, 353 F.2d 660, 661–662 (5th Cir.), cert. denied, 384 U.S. 972, 86 S.Ct. 1863, 16 L.Ed.2d 683 (1966).

5. Crumady v. The Joachim Hendrik Fisser, supra note 4, 358 U.S. at 428, 79 S.Ct. 445.

6. Waterman Steamship Corp. v. Dugan & McNamara, Inc., 364 U.S. 421, 424–425, 81 S.Ct. 200 (1960).

7. This is because "[t]he warranty which a stevedore owes when he goes aboard a vessel to perform services is plainly for the benefit of the vessel whether the vessel's owners are parties to the contract or not." Crumady v. The Joachim Hendrik Fisser, supra note 4, 358 U.S. at 428, 79 S.Ct. at 448. Thus nothing in this case turns upon the fact that the stevedore was engaged by the space charterer and cargo owner rather than by the vessel owner.

8. See Ferrigno v. Ocean Transport Ltd., 309 F.2d 445 (2d Cir. 1962); Sanderlin v. Old Dominion Stevedoring Corp., 261 F.Supp. 281 (E.D.Va.1966).

9. Accord, Rodgers v. Baltimore & Ohio R.R., 323 F.2d 996 (2d Cir. 1963), cert. denied, 376 U.S. 932, 84 S.Ct. 701, 11

employee could maintain a libel for damages against his employer because the employer also happened to be the bareboat charterer, or owner *pro hac vice,* and as such was liable for unseaworthiness.[10] Here, however, the stevedore, who had no operational interest in the vessel, was not charged with the obligation of seaworthiness.

We conclude that the district court was right in holding that this libel is precluded by Sec. 905. The judgment is

Affirmed.

L.Ed.2d 651 (1964); Kyles v. James W. Elwell & Co., 296 F.2d 703, 706 (7th Cir. 1961), cert. denied, 369 U.S. 852, 82 S.Ct. 936, 8 L.Ed.2d 10 (1962); Thibodeaux v. J. Ray McDermott & Co., 276 F.2d 42 (5th Cir. 1960); Smither & Co., Inc. v. Coles, supra; Garland v. The S.S. Illiamna, 198 F.Supp. 187 (D.Alaska 1961); Skow v. Gypsum Carrier, Inc., 164 F.Supp. 879 (N.D.Cal.1958).

10. See also Grace Line, Inc. v. Kanton, 366 F.2d 510 (9th Cir. 1966) (per curiam); Miculka v. American Mail Line, Ltd., 229 F.Supp. 665 (D.Ore.1964).