**Marshall E. NOLAN, Plaintiff-Appellant,**

**v.**

**COATING SPECIALISTS, INC., et al., Defendants-Appellees.**

**No. 28388**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 29, 1970.

**378**

Edgar N. Quillin, Arabi, La., for plaintiff-appellant.

Rudolph R. Schoemann, New Orleans, La., for defendants-appellees.

Before THORNBERRY, CARSWELL and CLARK, Circuit Judges.

PER CURIAM:

A sand blaster-spray painter injured at his work on a stationary drilling platform in the Gulf of Mexico sued his employer, Coating Specialists, Inc.; the owner of the platform, Humble Oil & Refining Company; and their insurance carriers. Jurisdiction was based alternatively on the Jones Act, 46 U.S.C.A. § 688, and the constitutional maritime jurisdiction. After complaint and amendment, answer, cross-interrogatories and answers thereto, and the deposition of plaintiff, the court sustained motions to dismiss by all defendants. We affirm.[1]

The crucial issue was plaintiff's claimed status as a seaman. For purposes of this appeal, we state the facts in the light most favorable to that contention. Plaintiff was injured on the first day he had worked on Humble's fixed offshore platform. He rode to work from shore that morning in a crew boat. He ate lunch on the platform. At the end of the work day, and after he was injured, plaintiff rode back to shore aboard the crew boat as he had intended to do had he not been injured. Plaintiff did no work on the crew boat; he was aboard it both times solely for transportation. This day's work and transportation was similar in procedure to other work previously performed for Coating Specialists at other offshore rigs. On the day of the accident Coating Specialists maintained a painting and sand-blasting boat, the M/V PENGUIN, in the vicinity of Humble's platform where plaintiff was hurt. Plaintiff did not work aboard the PENGUIN and at best had only been aboard her one time to see a friend. Three members of the PENGUIN's crew were listed in answers to interrogatories as having job titles of

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, (5th Cir. 1969), Part I, and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969), Part I.

"blaster", but Plaintiff was not listed as or otherwise shown to be or ever to have been a member of the PENGUIN's crew.

In Offshore Company v. Robison, 266 F.2d 769, 75 A.L.R.2d 1296 (5th Cir. 1959), and Kimble v. Noble Drilling Corp., 416 F.2d 847 (5th Cir. 1969), reh. den., this court held that workmen injured on fixed drilling platforms should have their status as seamen determined by a trier of the facts when two conditions are met: (1) when the injured workman is assigned permanently to a vessel or performs a substantial part of his work thereon, and (2) when his duties contribute to the function of the vessel or to the accomplishment of its mission. While the duties of plaintiff here could be said to contribute to the mission of PENGUIN, the evidence is without dispute that he was neither permanently assigned to this vessel nor did he perform any part of his work thereon. Its mere presence in the area of the Gulf of Mexico, where Plaintiff was injured, is not enough. Plaintiff's reliance on these cases to take him to a trier of fact on this issue is misplaced.

 While the determination of one's status as a seaman is frequently dependent upon a resolution of disputed facts or conflicting inferences,[2] Jones Act and admiralty cases are, just as civil cases, subject to dismissal under Rules 12(b) and 56 of the Federal Rules of Civil Procedure where the pleadings, depositions and answers to interrogatories show there is no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. Fixed off-shore platforms are not vessels, and workmen who perform all of their duties on such platforms are not seamen.[3] In Texas Co. v. Savoie, 240 F.2d 674 (5th Cir. 1957), cert. den. 355 U.S. 840, 78 S.Ct. 49, 2 L. Ed.2d 51 (1957), this court reversed a jury verdict under very similar fact circumstances to those shown without dispute here.[4]

The complaint in the court below contained an alternative prayer for relief under the Louisiana Workmen's Compensation Act. No question as to this portion of the complaint was raised or briefed here and it has not been considered.[5]

Affirmed.

2. Braniff v. Jackson Ave.-Gretna Ferry, Inc., 280 F.2d 523 (5th Cir. 1960)

3. Rodrigue v. Aetna Casualty & Surety Co., 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed. 2d 360 (1969) ; Ocean Drilling & Exploration Co. v. Berry Bros. Oilfield Service, 377 F.2d 511 (5th Cir. 1967), cert. den. 389 U.S. 849, 88 S.Ct. 102, 19 L.Ed. 2d 118; Loffland Brothers Co. v. Roberts, 386 F.2d 540 (5th Cir. 1967), cert. den. 389 U.S. 1040, 88 S.Ct. 778, 19 L.Ed. 2d 830 (1968) ; Freeman v. Aetna Cas. & Sur. Co., 398 F.2d 808 (5th Cir. 1968).

4. See also Rotolo v. Halliburton Company, 317 F.2d 9 (5th Cir. 1963), cert. den. 375 U.S. 852, 84 S.Ct. 111, 11 L.Ed.2d 79 (1963), Thibodeaux v. J. Ray McDermott & Co., 276 F.2d 42 (5th Cir. 1960), and Hill v. Diamond, 311 F.2d 789 (4th Cir. 1962), Labit v. Carey Salt Co., 421 F.2d 1333 (5th Cir. 1970).

5. See Martin v. Atlantic Coast Line R. R. Co., 289 F.2d 414, 417 (5th Cir. 1961) Note 5.