Eva Ruth BERTRAND, Individually and as natural tutrix of the minors, et al., Plaintiff-Appellant,

v.

FOREST CORPORATION et al., Defendants-Appellees.

No. 30411.

United States Court of Appeals, Fifth Circuit.

April 19, 1971.

Rehearing Denied and Rehearing En Banc Denied June 21, 1971.

J. B. Jones, Jr., Jones & Jones, Cameron, La., for plaintiff-appellant.

James C. Hanchey, William R. Tête, Jones, Kimball, Patin, Harper, Tête, & Wetherill, Lake Charles, La., for defendants-appellees.

Before CLARK, Associate Justice*, and GEWIN and RONEY, Circuit Judges.

PER CURIAM:

The appellants sued for the wrongful death of Joseph P. Bertrand who was on the payroll of Forest Oil Corporation as a pumper. His duties included the checking and recording of meters, readings of gas pressures and flow at the several gas wells situated some 33 miles off the coast of Louisiana.[1] Each well had a stationary protector platform set on pilings driven into the floor of the Gulf of Mexico. The structure rested on four metal piers which supported three steel decks. The platforms were unmanned and a helicopter was used to transport Bertrand from the shore to the wells to perform his duties. The top deck was a landing pad for the helicopter while the middle deck was for the meters and the bottom one was constructed around the well head near the sea. The platform was not a floating one and was not propelled nor subject to towing but was permanently secured to the floor of the Gulf.

Bertrand was flown to one of these platforms on October 26, 1966 to perform his duties. He left the helicopter and its pilot on the pad and descended to the lower decks. After Bertrand was gone longer than his usual time, the pilot left his helicopter in search of him. However he was unable to find him on any of the decks. The pilots then notified the mainland and although a diver sought to find Bertrand's body, it has never been recovered.

Mrs. Bertrand initially filed a claim for death benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905 et seq. The Deputy Commissioner of Labor sustained the claim in February, 1967, and ordered Forest Oil and Hartford Accident and Indemnity Company to pay the benefits required by the Act.

Subsequently Mrs. Bertrand, on behalf of herself and her minor children, filed this wrongful death action in the District Court, alleging the negligence of appellees and the unseaworthiness of the platform. The District Court granted summary judgment for appellees, and dismissed appellant's complaint, inter alia, on the grounds that the exclusive remedy of Mrs. Bertrand and her children was for benefits under the Longshoremen's and Harbor Workers' Compensation Act.

■ Appellant argues that assuming the decedent fell into the sea, his wrongful death should be a maritime tort as to which the Longshoremen's Act is not exclusive. This contention is without merit. The Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 et seq., makes it clear that federal law is to be applied to artificial island drilling rigs on the seabed of the continental shelf, to the exclusion of general maritime law, Rodrigue v. Aetna Casualty & Surety Co., 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed. 2d 360 (1969).

■ In the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(c), Congress directed that with respect to disability or death of an employee resulting from an injury as the result of operations conducted on the outer continental shelf for the purpose of developing or removing natural resources, compensation shall be payable under the provisions of the Longshoremen's Act. Section 905 of the Longshoremen's Act un-

---

* Associate Justice, United States Supreme Court (Ret.), sitting by designation.

1. Forest Oil Corporation, Amerada Oil Corporation, Preston Oil Company and Texas Gas Exploration Corporation owned the mineral lease in which the well involved here was located. They had entered into an operating agreement to develop the lease in which Forest was made the operator. Each of the companies were subsequently made parties to the suit.

equivocally provides that the benefits secured to a claimant under that Act shall be the "exclusive remedy" of the claimant against his employer.[2] The district court found that the Operating Agreement between Forest Oil and the other appellees was a partnership, and that Bertrand was an employee of the partnership. We see no error in this finding,[3] and conclude that these partners have an employer's immunity afforded to them by the Act.

Assuming, *arguendo*, that in a particular case it could be shown that an employer-partnership were formed for the purpose of frustrating the Longshoremen's Act's allowance of a remedy against non-employers, it is still not clear that relief would be forthcoming. Recovery under the Jones Act or general admiralty law is predicated on the injured's status as a seaman; and it is clear that fixed off-shore platforms are not vessels and workmen who perform duties on such platforms are not seamen. See Rodrigue v. Aetna Casualty & Surety, supra; Ocean Drilling & Exploration Co. v. Berry Bros. Oilfield Service, 377 F.2d 511 (C.A.5, 1967), cert. denied, 389 U.S. 849, 88 S.Ct. 102, 19 L.Ed.2d 118, Nolan v. Coating Specialists, 422 F.2d 377 (C.A.5, 1970).

Trial was had as against the non-employer, J. Ray McDermott Co., the manufacturer of the platform, before a jury under Louisiana law. The jury rendered a verdict for defendant which has not been appealed.

The judgment of the district court is affirmed.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge

in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

2. The right of recovery is limited by Section 905 only as against the employer; the employee remains free to sue non employer third parties for damages. See Seas Shipping Co., Inc. v. Sieracki, 328 U.S. 85, 101–102, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), Watson v. Gulf Stevedore Corp., 374 F.2d 946, 948 (C.A. 5, 1967).

3. Louisiana law recognizes partnerships or joint ventures formed between non operating and operating co-owners of gas and oil wells. See Young v. Reed, 192 So. 780 (La.App. 2 Cir. 1939); c.f. Moore v. Doughtie, 14 La.App. 407, 126 So. 235 (1928); Lyle Cashion Co. v. McKendrick, 204 F.2d 609 (C.A.5, 1953).