Mrs. Genevieve **GARIBAY**, Widow of William Garibay, Deceased, Plaintiff,

v.

Harry **DECKER**, d/b/a Western Marine, Defendant.

Civ. A. No. 70–G–186.

United States District Court,
S. D. Texas,
Galveston Division.

Sept. 17, 1971.

Sidney Ravkind, of Mandell & Wright, Houston, Tex., for plaintiff.

A. J. Watkins, of Watkins, Hamilton & Kolb, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

NOEL, District Judge.

This is a suit in admiralty brought by the widow of a deceased employee against her late husband's employer, seeking punitive damages and alleging that defendant was grossly negligent in causing the

employee's death. Plaintiff's decedent, William Garibay, was employed by and was working for Harry Decker, doing business as Western Marine, on the barge Carolin which was moored at Galveston, Texas. Decedent and several other employees were engaged in cleaning and repairing the barge when it exploded and sank, costing Garibay his life.

It is undisputed that the deceased was covered by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., and that plaintiff has received death benefits from defendant's compensation carrier. Relying on this fact, and citing the exclusiveness of liability provided by the Longshoremen's Act, defendant has moved for summary judgment. Rule 56, Fed.R.Civ.P. By way of opposition, plaintiff contends that the Longshoremen's Act does not bar the instant action by reason of the allegation of gross negligence.

■ In support of her theory, plaintiff points out that the workmen's compensation scheme of the State of Texas preserves intact the action for damages in cases of gross negligence, and urges that this Court for policy reasons engraft a similar proviso upon the federal Longshoremen's Act. It is true that Texas exempts from the exclusive sweep of its Workmen's Compensation Law suits for exemplary damages by survivors of an employee who has been killed as a result of his employer's willful or gross neglect, notwithstanding the fact that compensation may have been paid. However, this exemption is specifically mandated by the State's Constitution and its compensation statute. Tex.Const. art. 16, § 26, Vernon's Ann.St.; Tex.Rev.Civ. Stat.Ann. art. 8306 § 5 (1967); cf. Fort Worth Elevators Company v. Russell, 123 Tex. 128, 70 S.W.2d 397 (1934); Bonner v. Texas Co., 89 F.2d 291 (5th Cir. 1937).

■ The Longshoremen's Act contains no similar provision excepting liability for exemplary damages. To the contrary, the Act clearly provides that:

The liability of an employer [for the compensation] prescribed in section 904 of this title *shall be exclusive and in place of all other liability of such employer to the employee * * * at law or in admiralty on account of such injury or death. * * ***

33 U.S.C. § 905 (emphasis added). It has been repeatedly held that the foregoing provision of "the Longshoremen's Act is, was intended to be and states that it is the exclusive measure of liability of an employer to a surviving widow and child." Thibodeaux v. J. Ray McDermott & Co., 276 F.2d 42, 47 (5th Cir. 1960); cf. Watson v. Gulf Stevedore Corporation, 374 F.2d 946 (5th Cir. 1967), certiorari denied 389 U.S. 927, 88 S.Ct. 286, 19 L.Ed.2d 277 (1967); Hughes v. Chitty, 415 F.2d 1150 (5th Cir. 1969). If considerations of policy suggest that this bar should be relaxed in cases of gross negligence on the part of an employer, then it is within the province of Congress, not of this Court, to so provide.

Accordingly, this Court concludes that the allegation of gross negligence in the complaint does not operate to suspend the exclusive liability feature of the Longshoremen's Act. Plaintiff shall, within ten (10) days, present to the Court such other reasons as there might be that the instant action is maintainable. Failing this, defendant's motion for summary judgment shall be granted.

The Clerk shall send copies of this Memorandum and Order to all counsel.