Michael J. **CALLAHAN**, Plaintiff-Appellant,

v.

**FLUOR OCEAN SERVICES, INC.** and Liberty Mutual Insurance Company, Defendants-Appellees.

No. 73-1517
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 1973.

William M. Bass, Houma, La., Donald V. Organ, New Orleans, La., for plaintiff-appellant.

Frank C. Allen, Jr., New Orleans, La., for defendants-appellees.

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

The plaintiff in this case brought suit under the General Maritime Law and the Jones Act to recover for injuries he sustained while he was being lifted onto a fixed drilling platform in the Gulf of Mexico. The district court granted summary judgment for the defendants on both claims. We affirm.

Shell Oil Company had contracted with the defendant, Fluor Ocean Services, Inc., to have the defendant install production facilities on three new offshore platforms in the Gulf. Shell then contracted with the Cheramie Boat Company to have Fluor's workers on the platform at which the injury in this case occurred transported there aboard the Botruc II, a large crewboat owned by Cheramie. Callahan, a painter's helper employed by Fluor, was injured the first day of work. Callahan and a co-worker got into a large cargo basket to be lifted by a crane to the platform. While the basket was being raised some mechanical or operational misfunction of the crane caused the basket to fall rapidly toward the deck of the Botruc II. The crane operator jammed on the brakes bringing the falling basket to a sudden halt. Callahan fell to the deck of the Botruc II and sustained serious injuries.

The district court denied Callahan's maritime law claim on the ground that Fluor was not an owner of the Botruc II for the occasion in question. He was, therefore, not liable for the unseaworthiness of the vessel. It then held that the determination that Fluor was not an owner for the occasion of the vessel was conclusive not only of Callahan's unseaworthiness claim but of his Jones Act claim as well. We agree that Fluor cannot be held to have been the owner for the occasion of the Botruc II, and that that fact defeats Callahan's common law claim. However, we cannot agree that a failure to establish that Fluor enjoyed sufficient control of the vessel to be held an owner for the occasion necessarily defeats the Jones Act claim. Control of the operation during which an injury is sustained may sometimes suffice to establish Jones Act liability. See Barrios v. Louisiana Construction Materials Co., 5 Cir. 1972, 465 F.2d 1157.

However, we find another ground for affirming the grant of summary judgment on the Jones Act claim. Fluor had argued in support of its motion for summary judgment that there was not sufficient evidence that Callahan was a seaman entitled to sue under the Jones Act to send the case to the jury. The district court did not reach this contention, because of its holding that Fluor did not have sufficient control of the vessel to be liable under the Jones Act. We reach the contention, and sustain it. The rule in this Circuit for determining when a jury may decide whether a plaintiff is a seaman is well-settled. That rule was announced in Offshore Co. v. Robison, 5 Cir. 1959, 266 F.2d 769, 779:

> [T]his Court's position may be stated, affirmatively: there is an evidentiary basis for a Jones Act case to go to the jury: (1) if there is evidence that the injured workman was assigned permanently to a vessel (including special purpose structures not usually employed as a means of transport by water but designed to float on water) or performed a substantial part of his work on the vessel; and (2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips.

We have repeatedly held that fixed drilling platforms like the one on which the plaintiff worked are not vessels. Texas Co. v. Savoie, 5 Cir. 1957, 240 F.2d 674, cert. denied, 355 U.S. 840, 78 S.Ct. 49, 2 L.Ed.2d 51; Nolan v. Coating Specialists, Inc., 5 Cir. 1970,

422 F.2d 377. Clearly Callahan was not permanently assigned to the Botruc II and did not perform a substantial part of his work on that vessel; nor did his employment as a painter's helper on the platform contribute either to the function of the Botruc II or to the welfare of the vessel during its movement. Callahan was only a passenger on the crewboat twice daily. There was thus no evidence on which a jury could have found he was a seaman, and summary judgment was proper.

Affirmed. .