**Mr. and Mrs. Tommy DAVIDSON,
Plaintiffs–Appellants,**

v.

**ENSTAR CORPORATION, Joe D. Price,
Furth Oil Company, and Shell
Offshore, Inc., Defendants–Appellees.**

**Robert D. HOUSE and Shirley House,
Plaintiffs–Appellants,**

v.

**ENSTAR PETROLEUM, INC., et al.,
Defendants–Appellees.**

No. 86–3874.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1988.

Rehearing and Rehearing En Banc
Denied Dec. 28, 1988.

Robert B. Keaty, Kerry E. Shields, Keaty & Keaty, Lafayette, La., New Orleans, La., for Davidson, et al. and House, et al.

James H. Daigle, Thomas W. Thorne, Jr., Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, La., for Enstar Corp., et al.

George B. Jurgens, III, Marion L. Fagan, New Orleans, La., for amici curiae, Am. Petroleum, et al.

Donald R. Abaunza, S. Gene Fondler, New Orleans, La., for amici curiae, Forest Oil, et al.

Lynn M. Luker, New Orleans, La., for amici curiae, Maxus, et al.

Jeanmarie Lococo, James E. Wright, III, New Orleans, La., for amici curiae, Texaco, et al.

J. Barbee Winston, Luther T. Munford, New Orleans, La., for amici curiae, Pelto, et al.

Joshua T. Gillelan, II, Atty., Dept. of Labor, Washington, D.C., for amicus curiae, Dept. of Labor.

(Opinion June 30, 5th Cir.1988, 848 F.2d 574)

ON PETITIONS FOR REHEARING

Before RUBIN, WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

In their application for rehearing, Enstar Corporation, et al., assert two arguments which, for reasons stated below, persuade us that we erred in reversing the summary judgment entered by the district court. Accordingly, we affirm the district court judgment.

The application for rehearing persuades us that *Bertrand v. Forest Oil Corporation*, 441 F.2d 809 (5th Cir.1971), controls the disposition of this case. Bertrand, who was on the payroll of Forest, the operator of an offshore production platform, sued the platform's non-operator interest owners and sought tort damages. The operator and non-operator owners of the platform were parties to an operating agreement indistinguishable from the operating agreement in effect in this case. The non-operators moved for summary judgment on grounds that Bertrand's exclusive remedy against them lay under the Longshore and Harbor Workers' Compensation Act (LHWCA). The district court granted summary judgment and we affirmed. In reaching that decision, we necessarily determined that (1) the operator and non-operators were engaged in a partnership or joint venture as a matter of law; (2) Bertrand, who was on the payroll of Forest, was an employee of the joint venture; (3) the non-operator members of the partnership or joint venture were entitled to immunity from tort liability provided by the L.H.W.C. A. Act.

The operating agreement in *Bertrand*[1] includes the following clause: "It is not the purpose or intention of this instrument to create and this instrument shall never be so construed as to result in the creation of a partnership joint venture or other relationship whereby any party hereto shall be held for the acts or omissions of any other party ..." The district court concluded that this language in the agreement could not alter the liabilities fixed by Congress and the language should be disregarded. Although we did not expressly consider this question, by holding that the non-operating partners enjoyed immunity from tort actions provided by L.H.W.C.A., we implicitly agreed with the district court's conclusion.

Because *Bertrand* is indistinguishable from the instant case and thus controls its disposition, we affirm the judgment of the district court.

ALVIN B. RUBIN, Circuit Judge, dissenting:

Because I think we had it right the first time, I respectfully dissent. In Bertrand v. Forest Oil Corporation[1] the operating agreement was not considered by this court and the opinion contains no hint that the effect of the contract clause negating the existence of a joint venture was even considered. Once the unsteady prop of reliance on *Bertrand* is removed, the reasons we gave in the original panel opinion demonstrate why the opinion on rehearing is unsound.

---

1. Appellees, in their application for rehearing, provided us with a copy of the district court's opinion to which the court appended a copy of the operating agreement.

1. 441 F.2d 809 (5th Cir.1971).