Chris **HEAVIN** and Kim **Heavin**,
Plaintiffs–Appellants,

Chevron, U.S.A., Inc.,
Intervenor–Appellant,

v.

**MOBIL OIL EXPLORATION AND PRO-DUCING SOUTHEAST, INC., and Exxon Corporation, Defendants–Appellees.**

No. 89–3415.

United States Court of Appeals,
Fifth Circuit.

July 10, 1990.

---

Joseph W. McKearn, New Orleans, La., for plaintiffs-appellants.

Robert S. Reich, Terriberry, Carroll & Yancey, New Orleans, La., for Chevron, U.S.A.

George B. Jurgens, III and Marion L. Fagan, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for defendants-appellees.

Before CLARK, Chief Judge, GARWOOD and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Chris Heavin appeals the district court's take-nothing judgment rendered in favor of the defendants on their motion for summary judgment asserting tort immunity under the Longshore and Harbor Workers' Compensation Act (LHWCA). We affirm.

## I.

Chris Heavin was injured when he fell through a hole in the deck of an offshore platform located on the Outer Continental Shelf. Chevron U.S.A., Inc., operated the platform under the terms of a joint operating agreement between it and the two defendants, Exxon and Mobil.

After recovering LHWCA benefits from Chevron, the Heavins sued Exxon and Mobil on a variety of tort theories. Exxon and Mobil defended on the ground that Heavin had been an employee of a joint venture consisting of Chevron, Exxon, and Mobil, and that therefore each member of that joint venture had LHWCA immunity from Heavin's tort suit. The district court agreed and granted summary judgment. This appeal followed.

## II.

Heavin's injury occurred during an oil extraction operation on the Outer Continental Shelf, and therefore the LHWCA provides Heavin with his sole remedy against his employer. 43 U.S.C. § 1333(b); 33 U.S.C. § 905. To determine whether appellees are entitled to the immunity from tort liability provided by LHWCA, the fundamental question before us is whether Exxon and Mobil qualify as Heavin's "employer."

The Heavins do not dispute that a joint venture existed between Chevron, Exxon, and Mobil. Indeed, we have found that a joint operating agreement indistinguishable from the one in this case created a joint venture for LHWCA purposes. See *Davidson v. Enstar Corp.*, 860 F.2d 167 (5th Cir.1988) (on rehearing). We have also

held, and the Heavins do not dispute, that each member of such a joint venture attains LHWCA tort immunity against the employees of the joint venture. See *id.* at 168; *Bertrand v. Forest Corp.*, 441 F.2d 809, 811 (5th Cir.), *cert. denied*, 404 U.S. 863, 92 S.Ct. 106, 30 L.Ed.2d 107 (1971).

The Heavins' sole argument is that Heavin was not an employee of the joint venture; instead, they argue, he was employed by Chevron, which they assert was operating the platform as an independent contractor of the joint venture.

The summary judgment record is uncontradicted that Heavin spent the six months prior to his injury doing the work of the joint venture as a facility operator on the joint venture's platforms. The record also reveals that all the expenses relating to this work, including Heavin's own wages and disability payments, were charged by Chevron to the joint venture's account; each member of the joint venture therefore bore a proportionate part of these expenses. These undisputed facts make the relationship between Heavin and the joint venture indistinguishable from the relationship between Davidson and the joint venture in the *Davidson* case. Heavin therefore is an employee of the joint venture as a matter of law. *See Davidson v. Enstar Corp.*, 848 F.2d 574, 576 (5th Cir.1988) and on rehearing, 860 F.2d 167, 168 (5th Cir. 1988).

The Heavins primarily rely on the language of the joint operating agreement itself, which gives Chevron the right to choose the employees and to determine their hours and compensation and which specifies that these employees are to be considered employees of Chevron. The agreement also indicates that "[a]ll acts of [Chevron] are to be considered acts of [an] independent contractor." However, when the actual relationship between the parties to the joint operating agreement is clear for purposes of establishing rights under the LHWCA, "language in the [joint operating] agreement could not alter the liabilities fixed by Congress and the language should be disregarded." *Davidson*, 860

F.2d at 168. Hence, the terms of the joint operating agreement cannot supersede unchallenged evidence of the actual relationship between Chevron and appellees.

The Heavins also point to additional summary judgment evidence surrounding his relationship with Chevron: 1) Chevron provided Heavin with tools and supervision for his work; 2) Chevron paid his wages and, after his injury, his disability benefits; 3) Chevron maintained Heavin on its manpower charts and quartered him on its solely owned platform not far away from the joint venture platform; 4) Heavin was never supervised by or worked alongside any Exxon or Mobil employees. These facts do nothing more than demonstrate the allocation of responsibility among the joint venturers; they do not tend to negate the relationship of employee-employer between Heavin and the joint venture.

Because the joint venture employed Heavin, *Bertrand* and *Davidson* lead us to conclude that the LHWCA grants immunity to all members of the joint venture and shields them against the Heavins' tort suit. The district court therefore correctly granted summary judgment to the defendants.

AFFIRMED.