The TEXAS COMPANY, Appellant,

v.

Mrs. Marowigne Edna McConnell SA-VOIE, Administratrix of the estate of Horace P. Guidry, Appellee.

No. 16188.

United States Court of Appeals Fifth Circuit.

Feb. 5, 1957.

Ernest A. Carrere, Jr., New Orleans, La., for appellant.

Jack W. Thomson, Jr., James Julian Coleman, Clay, Coleman, Dutrey & Thomson, New Orleans, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

The appellee, as administratrix of the estate of her deceased husband, brought this suit against the appellant, the decedent's employer, for recovery of damages, under the Jones Act, 46 U.S.C.A. § 688, for the death of her husband, predicating liability upon negligence, while decedent was acting as a member of the crew of the Mary Virginia, a vessel operated and controlled by appellant on Lake Salvadore

The plaintiff alleged that on February the 4th, 1953, at Well No. 20 in Lake Salvadore, the deceased was in the process of opening a valve, which exploded and blew him off the well platform into the water and caused his death. Several grounds of negligence were alleged, among which were that the valve was defective, which fact should have been known to the Texas Company; that the company failed to furnish a sufficient number of competent employees; and failed to furnish a safe place for the decedent to work. In the alternative, plaintiff sought to recover under the Longshoremen's & Harborworkers' Act, 33 U.S.C.A. § 901 et seq., and under the Louisiana Workmen's Compensation Law, LSA-R.S. 23:1021 et seq. These alternatives were reserved by agreement, and are not before the court at this time. The trial below resulted in a verdict and judgment for the plaintiff.

The decisive point on this appeal is whether there was substantial evidence to support the jury's finding that decedent was a member of the crew of the Mary Virginia, which is a question of fact. In denying the motions below, the court said that if it were "writing on a new slate before Martin," it might have some misgivings as to this finding. The court was referring to Texas Co. v. Gianfala,

5 Cir., 222 F.2d 382; Id., 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775, rehearing denied Jan. 30, 1956, 350 U.S. 960, 76 S.Ct. 346, 100 L.Ed. 834. The appellant's contention is that, at the time of his death, the decedent was not in the service of the vessel Mary Virginia, and that there is no substantial evidence to support the jury's findings on this point.

We agree with appellant that the Supreme Court in Texas Co. v. Gianfala, supra, did not intend to do away with the established federal procedure, whereby in a civil action at law the judge may direct a verdict if there is no issue of fact to be submitted to the jury on a decisive issue; provided, of course, even where there is no conflict in the evidence, if reasonable minds may fairly draw conflicting inferences from the same evidence, requiring different verdicts, the issue is for the jury to determine the correct inference.

From the undisputed facts in this case, the decedent was employed as a roustabout by appellant. He was employed to work on the platforms, not on the vessel. There is no substantial evidence to support the jury's finding that he was a member of the crew. He was an oil-field worker strictly, and not a boat crewman. His duties did not pertain to navigation, not even to the casual task of throwing a rope or making the boat fast, a service that readily could be performed by a harbor worker. He had no such duties to perform. He was merely a passenger on the Mary Virginia, and he was not on the boat when he met his death.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.