**Paul E. DRONET, Appellant,**

v.

**READING & BATES OFFSHORE DRILL-ING CO. and Gulf Oil Corporation, Appellees.**

**No. 22798.**

United States Court of Appeals Fifth Circuit.

Oct. 7, 1966.

E. M. Nichols, Lake Charles, La., Ben N. Ramey, Houston, Tex., for appellant.

R. Gordon Gooch, Houston, Tex., for appellees.

Before WISDOM, BELL and AINS-WORTH, Circuit Judges.

PER CURIAM:

Appellant, an employee of an independent contractor, Lamb Rental Tool Corporation, sued Reading & Bates Offshore Drilling Company and Gulf Oil Corporation for damages growing out of physical injuries sustained on a drilling platform, owned by Gulf, situated in the coastal waters of the Gulf of Mexico off Louisiana. Reading & Bates was drilling a well under contract with Gulf. Lamb Rental Tool was an independent contractor running casing on the job. He alleged that he sustained a crushed little finger of the right hand, which was subsequently amputated, and that the injury was caused through the negligence of appellees' employees and the unseaworthy condition of the equipment. The trial judge found, in written reasons in the judgment, that the drilling platform and its equipment were not unseaworthy and that appellant was not a seaman.

It is apparent that appellant was injured on a stationary drilling platform in the Gulf, which platform was in no sense a vessel and appellant, therefore, was not a seaman nor was he entitled to the warranty of seaworthiness as to the drilling platform and equipment. See Offshore Company v. Robison, 5 Cir., 1959, 266 F.2d 769, 75 A.L.R. 2d 1296.

The trial court also found against appellant on the issue of negligence. The drilling operations were being carried on by Reading & Bates at the time of the accident, but the casing was being run by employees of Lamb Rental Tool. Appellant's duty was to operate the spider, which is a device which holds the collar end of the casing slightly above the floor of the platform to allow the next joint to be attached to it. The joint of pipe is lowered into the well by use of elevators attached to the traveling block. As the elevators were being lowered a mud line hose, with 6 to 8 feet of pipe attached, swung into position between the spider and the elevators whereupon appellant placed his right hand between the elevators and the spider to remove the mud line and his hand was crushed by the elevators.

Appellant concedes that the appeal is "entirely one on the facts" and the facts were found adversely to him by the trial judge. We are unable to say on this record that the findings of the trial judge were clearly erroneous or that we have a definite and firm conviction that a mistake has been committed. To the contrary, we think the trial judge was correct. See Federal Rules of Civil Procedure, Rule 52(a); Wimbish v. Pinellas County, 5 Cir., 1965, 342 F.2d 804.

Affirmed.