**James Ray FREEMAN, Appellant,**

v.

**AETNA CASUALTY & SURETY COMPANY et al., Appellees.**

**No. 24755.**

United States Court of Appeals Fifth Circuit.

July 12, 1968.

L. B. Ponder, Jr., Amite City, La., for appellant.

Joel L. Borrello, New Orleans, La., for appellees.

Before COLEMAN and CLAYTON, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM.

James Ray Freeman, appellant, brought this action under the Jones Act and general maritime law for damages for personal injuries which he suffered on March 28, 1962, while employed by Noble Drilling Corporation. He claimed to be a seaman and a member of the crew of a vessel and alleged that his injuries were sustained as a result of the negligence of Noble and the unseaworthiness of the vessel. Verdict and judgment were against him, and he appealed.

The evidence discloses that Freeman was employed by Noble as a derrick man to perform work in connection with the drilling of an oil well from a *fixed stationary platform* which was owned by a California company and located eight to ten miles from the coast of Louisiana. A drill nipple fell, killing one member of the work party and injuring Freeman. The accident occurred on the floor of the fixed structure. The nipple and the clamps and cables by which it was being handled were a part of the platform equipment.

Also present at this location, was a drilling tender referred to as the "S–24," which was owned, managed, maintained and crewed by the California company. Its function was to service the drilling rig by providing eating, sleeping and sanitary facilities for the personnel of the drilling platform. According to appellant's own witness, Earl

Wright, Freeman had no duties aboard the tender. However, Freeman testified that he occasionally would be required to mix drilling mud on the tender.

■ Appellant urges that the trial court committed error in permitting appellees to mention that appellant had received compensation benefits under the Longshoremen's and Harbor Workers' Act, citing Tipton v. Socony Mobil Oil Company, Inc., 375 U.S. 34, 84 S.Ct. 1, 11 L.Ed.2d 4. However, that case is inapposite here. At no time did appellees in fact state or even suggest that payments made to Freeman represented benefits under the Longshoremen's and Harbor Workers' Act so as to cause or create any inference that appellant had elected a remedy or was paid under a statute not applicable to seamen. If the jury was in any way so informed, it was by the words of counsel for appellant. If Freeman was prejudiced in any way, which he was not, such prejudice was created by him.

■ While testifying, Freeman was asked by the attorney for appellees the question following and responded as shown:

BY MR. BORRELLO:

Q. Mr. Freeman, I take it you are not the Mr. James Freeman who had a claim in *Bille* Platte, Louisiana?

A. No, sir.

Upon objection by appellant's counsel which included a request to instruct the jury to disregard it, the question and answer, the court stated, inter alia, "I don't think there is anything to disregard." Thus, the only evidence in the record was a negative response by appellant. This could not have had any prejudicial effect.

Appellant complains of the refusal to give instructions requested by him and of the inclusion of the court in its definition of a vessel of the words "in navi-

gation" claiming that this implied to the jury that the vessel was required to be moving. The position urged by appellant is simply not the law and was correctly rejected by the trial court. Not one of the cases cited by appellant in support of this assignment of error involved fixed platform workers. The trial court's instruction to the jury was clear, yet comprehensive, and embodied accurately a statement of existing law with respect to the issues of fact which were for the jury, including an adequate definition of a vessel in navigation. All of the requested instructions made by appellant are either confusing, incorrect statements of the law, misleading in that they do not apply to the facts of this case or they were adequately covered in the court's instructions.

■ Moreover, it is undisputed that the platform in this case itself could not be considered a "vessel" within the meaning of applicable law. The only vessel on which Freeman could possibly have been a "seaman" was the S–24, and it is sufficient to say that at the time of his injury he was not aboard that vessel, nor was he performing any duty which might be considered a duty of a member of the crew of that vessel, nor was he performing the traditional work of a seaman.

We have carefully considered each one of the assignments of error urged by appellant, including the form of the interrogatories submitted to the jury, and find all of them to be without merit. In principle, as well in fact, this case is controlled by Dronet v. Reading and Bates Offshore Drilling Company, 367 F.2d 150 (5 Cir.1966). See also, Johnson v. Noble Drilling Company, 264 F. Supp. 104 (W.D.La.1966) and Ross v. Delta Drilling Company, 213 F.Supp. 270 (E.D.La.1962).

This case should be, and is,

Affirmed.