**D. C. THOMPSON, Plaintiff-Appellant,**

v.

**CROWN PETROLEUM CORPORATION, Defendant-Appellee.**

**No. 27037.**

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1969.

Joe H. Tonahill, Jasper, Tex., for appellant.

O. J. Weber, Jr., Beaumont, Tex., for Crown Petroleum Corp., Keith, Mehaffy & Weber, Beaumont, Tex., of counsel.

Before GEWIN, THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

The District Court dismissed this Jones Act [1] suit on motion of respondent alleging lack of jurisdiction over both the subject matter and the person. Attached to the motion to dismiss was an affidavit by the President of the defendant corporation showing, inter alia, that plaintiff was employed as a driller helper on a stationary, fixed rig set up on a platform which had been in place for many years, located several miles out in the Gulf of Mexico off the coast of Louisiana, on which rig the injury occurred. The affidavit was not controverted. Fed.R. Civ.P. 56(e).

We affirm. Plaintiff lacks the status of a seaman requisite to invoke Jones Act jurisdiction. The law is well settled that a stationary, fixed platform, even though erected in coastal waters, is not a vessel, and consequently plaintiff was in no sense of the word a seaman when he was injured. Dronet v. Reading & Bates Offshore Drilling Co., 5 Cir., 1966, 367 F.2d 150, 151; Texas Company v. Savoie, 5 Cir., 1957, 240 F.2d 674, 675; Offshore Company v. Robison, 5 Cir., 1959, 266 F.2d 769, 771, 75 A.L.R.2d 1296; Ocean Drilling & Exp. Co. v. Berry Bros. Oilfield Service, 5 Cir., 1967, 377 F.2d 511, 513; Ross v. Delta Drilling Company, E.D.La., 1962, 213 F.Supp. 270, 271. Cf. Rodrigue v. Aetna Casualty and Surety Company, 395 U.S. 352, 89 S.Ct. 1835, 1837, 23 L.Ed.2d 360 (1969).

Having so concluded, we do not reach the issue of lack of jurisdiction over the person and the related issues of improper venue and insufficiency of service of process.

Affirmed.