**Daniel COX, Plaintiff-Appellant,**

v.

**OTIS ENGINEERING CORPORATION,**
**Defendant-Appellee.**

No. 72–3256.

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 7, 1973.

Charles R. Maloney, Martin A. Welp, Jr., New Orleans, La., for plaintiff-appellant.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of .

John J. Cooper, New Orleans, La., for defendant-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Daniel Cox brought suit against Otis Engineering Corporation under the Jones Act, 46 U.S.C. § 688, and the General Maritime Law for injuries sustained while working as a wireman on the drilling barge, John Haywood. The District Court granted Otis' motion for a summary judgment on the basis that Cox was not a seaman. We affirm.

■ Cox's work as a wireline operator did not require him to be assigned to any particular drilling barge in the performance of his duties. Cox was to be on the John Haywood only for two days in performing his work as a wireman.

In Bodden v. Coordinated Caribbean Transport, Inc., 5 Cir., 1966, 369 F.2d 273 we said:

> There are three essential elements in the term "seaman" as used in the Jones Act. First, the vessel on which the claimant is employed must be in navigation. Second, there must be a more or less permanent connection with the vessel, and third, the claimant must be aboard primarily to aid in navigation.

*Id.* at 274. See also Williams v. Avondale Shipyards, Inc., 5 Cir., 1971, 452 F.2d 955, 958 and Sennett v. Shell Oil Company, 325 F.Supp. 1 (E.D.La.1971). Thus, since Cox was not assigned permanently to a vessel, he cannot be classified as a seaman for purposes of the Jones Act. Offshore Company v. Robison, 5 Cir., 1959, 266 F.2d 769, 779.

■ We do not consider on appeal Cox's claim under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., since that matter was not raised at the trial court level.

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**614**

See Coleman v. Associated Pipeline Contractors, Inc., 5 Cir., 1971, 444 F.2d 737, 740, and cases cited therein.

Affirmed.