John ROSS, Plaintiff-Appellant,

v.

MOBIL OIL CORPORATION, the BARGE MCM NO. 2, Her Engines, etc., et al., Defendants-Appellees.

No. 72–1890

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1973.

Rehearing Denied April 2, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Samuel M. Cashio, Jr., Maringouin, La., James A. George, Frank J. Polozola, William C. Kaufman, III, Baton Rouge, La., for plaintiff-appellant.

Joseph E. Mixon, New Orleans, La., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

■ Plaintiff appeals from an order of the District Court granting Defendant's motion for summary judgment. The cause of action allegedly arose when Plaintiff, a welder assigned, berthed, and fed on a stationary production platform 35 miles off the coast of Louisiana, was injured by some falling equipment while cutting header supports to allow the equipment to be loaded from the Platform onto a nearby Barge. He based his claim on Jones Act negligence and the General Maritime Law doctrine of seaworthiness. The trial Judge determined that because, as a matter of law, the Plaintiff had failed to establish his status as a "seaman", neither the Jones Act nor the doctrine of seaworthiness afforded a basis for recovery. We agree.

■ As a general proposition, the determination of whether an individual is a "seaman" within the purview of the Jones Act or the maritime law is a purely factual matter for determination by the jury or factfinder. Braniff v. Jackson Ave.-Gretna Ferry Inc., 5 Cir., 1960, 280 F.2d 523, 1961 A.M.C. 1728; Burns v. Anchor-Wate Co., 5 Cir., 1972, 469 F.2d 730 [1972]; Hardaway Contracting Co. v. O'Keeffe, 5 Cir., 1969, 414 F.2d 657, 661, 1969 A.M.C. 73, 77. In response to a bevy of cases brought by ambiguous-amphibious maritime workers claiming the protection of the Jones Act or the doctrine of seaworthiness, this Court, in Offshore Co. v. Robison, 5 Cir., 1959, 266 F.2d 769, 1959 A.M.C. 2049, outlined a two-pronged test. According to Robison there is a legally sufficient evidentiary basis for the case to go to the jury:

(1) If there is evidence that the injured workman was assigned permanently to a vessel (including special purpose structures not usually employed as a means of transport by water but designed to float on water) or performed a substantial part of his work on the vessel; and (2) If the capacity in which he was employed or the duties which he performed contributed to the function of the vessel

or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips.

In Thibodeaux v. McDermott & Co., 5 Cir., 1960, 276 F.2d 42, 1961 A.M.C. 1469, we considered the status of a land-based welder who was temporarily assigned to a barge to weld and cut pad-eyes and metal straps and held that where the Plaintiff's customary duties are on shore neither short tenure on a vessel nor tenuous claims about a proposed trip on board have "sufficient legal buoyancy to float a seaman's status." 276 F.2d at 47, 1961 A.M.C. at 1474. Accordingly, we affirmed the District Court's order directing a verdict for the Defendant. *Accord*, Rotolo v. Halliburton Co., 5 Cir., 1963, 317 F.2d 9, 1963 A.M.C. 1793, cert. denied, 1963, 375 U.S. 852, 84 S.Ct. 111, 11 L.Ed.2d 79; Texas Co. v. Savoie, 5 Cir., 1957, 240 F.2d 674, 1957 A.M.C. 340, cert. denied, 1957, 355 U.S. 840, 78 S.Ct. 49, 2 L.Ed.2d 51. *Thibodeaux* is dispositive of Plaintiff's Jones Act claim.

Plaintiff also makes a claim under the warranty of seaworthiness concept of General Maritime Law as a vicarious seaman under the doctrine of Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, 1946 A.M.C. 698; and its progeny, Jackson v. Lykes Bros. Steamship Co., Inc., 1967, 386 U.S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488, 1967 A.M.C. 584; Gutierrez v. Waterman S.S. Corp., 1963, 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297, 1963 A.M.C. 1649; Reed v. The Yaka, 1963, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448, 1963 A.M.C. 1373; Pope & Talbot, Inc. v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143, 1954 A.M.C. 1, which extends the protection of the warranty of seaworthiness to those performing the traditional functions of seamen. Plaintiff tries to make out connection with seaman's work by suggesting that his cutting and welding were essential to the "loading" of the barge —a traditional function of a seaman. This Court—in a case of land-based injury to a longshoreman resulting from defective shore-based equipment not a part of the ship's gear—considered the question of what comprises "loading" in Law v. Victory Carriers, Inc., 5 Cir., 1970, 432 F.2d 376, 1970 A.M.C. 2215, and determined to use the terms in a "more pragmatic and less ritualistic sense." 432 F.2d at 383, 1970 A.M.C. at 2225. The United States Supreme Court reversed. Victory Carriers Inc. v. Law, 1971, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed. 2d 383, 1972 A.M.C. 1. For this and other reasons bearing on Jones Act status Plaintiff failed to make out the necessary status to reap the benefit of any warranty of seaworthiness.

Acceptance of the trial Judge's approach makes it unnecessary for us to intimate any views as to the significance, if any, of the intervening decision in Executive Jet Aviation, Inc. v. City of Cleveland, 1972, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454, 462.

Affirmed.