**Roger D. HARTZFELDS**
v.
**The TRAVELERS INSURANCE COM-PANY et al.**
**Civ. A. No. 18481.**

United States District Court,
W. D. Louisiana,
Opelousas Division.

Jan. 28, 1974.

---

Aaron Frank McGee, Guillory, Guillory & Guillory, Eunice, La., for plaintiff.

James T. Guglielmo, Dubuisson & Dubuisson, Opelousas, La., John Poitevent, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., Timothy J. McNamara, Davidson, Meaux, Onebane & Donohoe, Lafayette, La., for defendants.

NAUMAN S. SCOTT, District Judge:

## OPINION

This action arose from an accident which occurred on May 13, 1972 at the Berry Brothers Shipyard in Berwick, Louisiana, when the plaintiff, an employee of Berry Brothers, while in the process of climbing down into a "garbage" barge, owned by McDonough Ma-rine Service and being used by Quintana Petroleum Corporation, fell, injuring his back. The barge in question had been used to collect trash, mud and chemicals discarded by drilling rigs and had been turned over to Berry Brothers by Quintana for a clean-out operation. The plaintiff and Berry Brothers have filed cross motions for summary judgment on seaman status.

## SEAMAN STATUS

In Offshore Company v. Robison, 266 F.2d 769, 779 (5th Cir. 1959), the court set forth the test to be used in determining seaman status:

"[T]here is an evidentiary basis for a Jones Act case to go to the jury: (1) if there is evidence that the injured workman was assigned permanently to a vessel . . . or performed a substantial part of his work on the vessel; and (2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips."

This test was further delineated in Keener v. Transworld Drilling Co., 468 F.2d 729, 731–732 (5th Cir. 1972), when the court stated:

" . . . [I]ncidental and temporary duty aboard the [vessel] does not have the effect contended for by the [plaintiff]. The law requires more than a showing that the claimant performed the work of a seaman on one isolated occasion.

\* \* \* \* \* \*

"We do not hold that an employee must perform all of his duties or even the greater part of them, aboard the vessel in order to be considered a seaman. We merely hold that to meet the requirement of Robison that the workman 'performed a substantial part of his work on the vessel' it must be shown that he performed a signifi-

cant part of his work aboard the ship with at least some degree of regularity and continuity."

In applying these principles of law to the facts of the case at hand, even if viewed in the light most favorable to the plaintiff, his duties fall far short of those necessary to project the status of a seaman. The plaintiff certainly was not assigned permanently to the garbage barge. In both of his depositions he testified unequivocally that his job aboard the barge was of a temporary nature. He stated that the job would probably take about a day's work, whereupon he would move to another job.

Just as certain was the fact that the plaintiff did not perform a substantial part of his work on board a vessel. The plaintiff had worked for Berry Brothers as a roustabout on two prior occasions before the day of the accident in question, which was his first day back on the job. Although he had worked on a vessel on a few isolated instances previously, performing jobs of a temporary nature, the main thrust of plaintiff's job was clearly that of a land-based roustabout. Any activities of the plaintiff on board a vessel were clearly "irregular and fortuitous in nature". Curtis Owens v. Diamond M. Drilling Co., 487 F. 2d 74, 75 (5th Cir. 1973); *See also* Cox v. Otis Engineering Corp., 474 F.2d 613 (5th Cir. 1973); Ross v. Mobil Oil Corp., 474 F.2d 989 (5th Cir. 1973); Burns v. Anchor-Wate, 469 F.2d 730 (5th Cir. 1972); Labit v. Carey Salt Co., 421 F.2d 1333 (5th Cir. 1970); Thibodeaux v. J. Ray McDermott & Co., 276 F.2d 42 (5th Cir. 1961); Fontenot v. Halliburton, 264 F.Supp. 45 (W.D.La. 1967).

Plaintiff's Motion for Summary Judgment is therefore denied, and Berry Brothers' Motion for Summary Judgment is granted. We expressly determine that under Rule 54(b), F.R.Civ.P., there is no just reason for delay in the entry of final judgment. Pursuant to Local Rule 9(e), a judgment should be presented for execution accordingly.