Frederick Joseph MANCHACK,
Plaintiff-Appellant,

v.

S/S OVERSEAS PROGRESS, et al.,
Defendants-Appellees.

No. 75–2216
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1975.

Stephen B. Murray, New Orleans, La.,
Steven F. Griffith, Norco, La., for plain-
tiff-appellant.

Charles F. Lozes, M. D. Yager, New
Orleans, La., for defendants-appellees.

Before GEWIN, GOLDBERG and
DYER, Circuit Judges.

PER CURIAM:

Manchack, a seaman, who claimed he
suffered personal injuries when he fell
down a ladder on the S/S Overseas

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir.
1970, 431 F.2d 409, Part I.

Progress, appeals from a judgment entered on a jury verdict finding that the defendant owner was not negligent and that the vessel was not unseaworthy. We affirm.

■ Manchack invites us to reverse the judgment as being clearly erroneous. This, of course, is not the proper standard to be applied in attacking a jury verdict. Where, as here, there is an evidentiary basis for the jury's verdict, this Court's function is exhausted, and Manchack is not free to relitigate the factual dispute. *Lavender v. Kurn,* 1946, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916.

■ Next, Manchack complains that the district court erred in permitting too broad an inquiry on cross examination with reference to a post-accident barroom scuffle resulting in his arrest. We disagree. Rulings on the admissibility of evidence must normally be left to the sound discretion of the trial court, *Lavender v. Kurn, supra,* particularly when the cross examination sheds light on the plaintiff's credibility and is relevant to the issues in litigation. *Stacey v. Sea-Drilling Corporation,* 5 Cir. 1970, 424 F.2d 1272. Here Manchack was under cross examination after having attempted to portray serious and ongoing difficulties with his back and was claiming significant disability at the same time that he was involved in an altercation with police officers. We find no abuse of discretion under these circumstances.

■ Manchack's argument that the comments and questions of the trial judge were prejudicial gives us little pause. In *Curd v. Todd-Johnson Dry Docks,* 5 Cir. 1954, 213 F.2d 864, the plaintiff in a slip and fall from a ship's ladder personal injury suit, contended on appeal that the trial judge commented on the evidence, cross examined the witnesses to the detriment of the plaintiff's counsel and limited counsel's cross examination. What we said there is apposite here:

The trial judge is entrusted with broad discretionary powers to secure a fair and unbiased administration of justice. In a trial by jury the judge is not a mere moderator; he is an administrator charged with the proper conduct of the trial. His participation in the trial of a case is a matter resting largely within his own discretion. He may interrogate the witnesses to clarify their testimony, analyze and comment upon the evidence, control and correct inflammatory remarks of counsel, and make suggestions to counsel as to the course to be pursued in the case: all provided his attitude is not one of partisanship. In the present case the trial judge asked a number of questions, but we are unable to say that they were of such a nature as to prejudice the appellant.

. . .

■ Finally, Manchack urges that it was error to admit in evidence the record of his suit for wages, maintenance and cure for the injury he sustained while aboard the vessel American Rice, which occurred subsequent to the injury involved in this suit, on the basis that this was evidence of collateral benefits from another ship, arising from another injury. But this turns the collateral benefit rule into a sword instead of a shield. By seeking to exclude evidence of maintenance and cure already received, while pressing a claim for maintenance and cure against the defendants, Manchack sought double recovery for a single maintenance and cure claim. This he cannot do,

[f]or in the admiralty as elsewhere in the law a litigant may not recover compensation for a single claim more than once. The ancient rule in the admiralty that the vessel and her owner must provide an injured seaman with maintenance was intended to assure him three meals a day and a bed in which to sleep during his treatment and convalescence. There is no basis in logic or law for assuming that he may ask for six meals a day or twin beds, however.

**920**

*McCarthy v. American Eastern Corporation*, 3 Cir. 1949, 175 F.2d 727. *See, Gooden v. Sinclair Refining Company*, 3 Cir. 1967, 378 F.2d 576. In any event, after both parties rested, Manchack's demand for maintenance and cure was withdrawn, and the district court ordered that claim dismissed.

Affirmed.