**Ralph NICHOLSON,
Plaintiff-Appellant,**

v.

**LAND & MARINE APPLICATORS,
INC., et al., Defendants-Appellees.**

No. 74–2609.

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1976.

Alfred F. McCaleb, III, Donald G. Cave, Baton Rouge, La., for plaintiff-appellant.

Donald V. Organ, New Orleans, La., for Land & Marine Applicators, Inc.

H. Edward Weidlich, Jr., James H. Drury, New Orleans, La., for Employer's Liability Etc.

Before GOLDBERG and AINSWORTH, Circuit Judges, and NICHOLS, Associate Judge.*

PER CURIAM:

In this case, brought under the Jones Act and general maritime law, Ralph Nicholson appeals from a jury verdict that rejected his claim of injury during his employment with the defendant company. He raises eight objections to the trial court's evidentiary rulings and its conduct of the trial. They concern the following:

(1) Refusal to allow the Captain of the vessel to testify about the physical condition of the sandblasting hoods and equipment.

(2) Refusal to allow the Captain to testify about complaints he received from the crew about the hoods and equipment.

(3) Questioning of plaintiff's witness Talmadge McIntyre in an argumentative manner.

(4) Refusal to allow Professor Adler, one of plaintiff's experts, to testify as to how oil could escape from the compressor into the air line.

(5) Refusal to allow Tommy Courtland, plaintiff's witness, to testify about complaints received as he performed his job of safety inspector.

(6) Refusal to permit plaintiff to read Courtland's entire (2 page) affidavit, after allowing the defense to read a portion of it on cross to impeach Courtland.

(7) Questioning of Courtland in an argumentative manner.

(8) Questioning of plaintiff in an argumentative manner.

After considering the record and briefs, we have concluded that the judge did not exceed his broad discretionary powers in any of these instances. *See Manchack v. S/S Overseas Progress*, 5 Cir. 1975, 524 F.2d 918; *United States v. James*, 5 Cir. 1975, 510 F.2d 546, 550. The decision of the district court is affirmed.