Larry Joseph CAMPBELL,
Plaintiff-Appellant,

v.

SEACOAST PRODUCTS, INC. and/or
Seacoast I, Inc., Defendant-Appellee.

No. 78–1646
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1978.

Louis G. Garrot, III, Abbeville, La., for plaintiff-appellant.

Stockwell, Sivert, Vicellio, Clements & Shaddock, Robert W. Clements, Lake Charles, La., for defendant-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

This is an appeal from a judgment rendered on an adverse jury verdict which rejected appellant Larry Joseph Campbell's claim for damages for personal injury under the Jones Act and general maritime law. Campbell alleged that he was injured as the result of the alleged negligence of an employee of appellee Seacoast Products, Inc. (Seacoast) and the alleged unseaworthiness of a Seacoast vessel. In answer to

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

specific interrogatories, the jury found that Seacoast was not negligent and the vessel was not unseaworthy. Appellant contends that the evidence was insufficient to support the jury's finding of no negligence and that the trial judge committed reversible error in failing to instruct the jury properly on the issue of unseaworthiness.

Campbell lost two fingers on his left hand when a cable he was holding on board the vessel was drawn into a pulley. The cable was drawn by a winch operated by a Seacoast employee. The winch was raising a purse boat from the fastenings on its mother vessel in order to allow Campbell to release the boat and lower it into the water.

The crux of Campbell's negligence claim was that the purse boat was drawn up too high and too fast, causing the boat to tip and appellant, who was standing in the boat, to lose his balance and therefore to grasp the cable. On the issue of unseaworthiness appellant desired explicit instructions to the jury that the Seacoast vessel upon which the accident occurred was unseaworthy because of the unsafe manner in which the winch was operated and because of the inexperience and incompetence of the winch operator.[1]

■■■ The appropriate standard for testing the sufficiency of the evidence in a Jones Act case is whether there is a reasonable evidentiary basis for the jury's verdict.[2] Applying that standard here, we hold that there was sufficient evidence for the jury to conclude that appellant failed to

bear his burden of proving that defendant was negligent. Testimony elicited by appellant to the effect that the manner of raising the purse boat caused Campbell to lose his balance was apparently discredited by the jury because that testimony contradicted prior statements of the same witnesses. The only major unimpeached testimony was the fact that the purse boat was drawn up higher than usual, to a height where it was possible for the accident to occur. By itself, that fact will not support a finding of negligence as a matter of law in the face of the jury verdict below.

■■■ The unseaworthiness contention pressed here by appellant is in reality nothing more than a restatement of his negligence claim under a different heading. *See generally* Gilmore & Black, The Law of Admiralty 383 (2d ed. 1975). The allegation of a single, isolated incident of operational negligence gives rise to a cause of action based on negligence but not to one based on unseaworthiness. *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971); *Robinson v. Showa Kaiun K. K.*, 5 Cir., 1971, 451 F.2d 688. The only evidence offered by Campbell of any manifestation of the winch operator's incompetence or inexperience related to the operation of the winch in the very instance in which he was injured. The finding by the jury that there was no negligence effectively disposes of appellant's theory of incompetence under the circumstances here. Hence, there was no error in the trial court's failure to instruct the jury on the

---

1. The record indicates that the winch operator had considerable experience with winches on other boats but had operated the particular winch in question only twice before.

   At trial, appellant also contended that the Seacoast vessel was unseaworthy on account of the absence of a safety rope which Campbell might have grasped instead of the winch cable. The record contains conflicting testimony as to whether a safety rope was present. The jury, guided by explicit instructions focusing on the safety rope question, obviously resolved those conflicts in favor of Seacoast since it found the vessel seaworthy. Appellant has not pressed the matter of the safety rope on appeal.

2. *Lavender v. Kurn*, 327 U.S. 645, 652–53, 66 S.Ct. 740, 744, 90 L.Ed. 916 (1946). *Lavender* was decided under the FELA, whose standard for evaluating the sufficiency of the evidence is incorporated into the Jones Act along with the other incidents of an FELA action. 46 U.S.C. § 688. *See also Manchack v. S/S Overseas Progress*, 5 Cir., 1975, 524 F.2d 918; *Rabb v. Canal Barge Co.*, 5 Cir., 1970, 428 F.2d 201, 202 (summarizing the *Lavender* test as requiring a "reasonable evidentiary basis").

   The *Lavender* standard is applicable whether the jury verdict favors the plaintiff or defendant. *McBride v. Loffland Brothers Co.*, 5 Cir., 1970, 422 F.2d 363.

specific theories of unseaworthiness urged by appellant.[3]

AFFIRMED.

---

**3.** The court did instruct the jury on the question of unseaworthiness and gave an adequate general charge in that respect. The trial judge charged, inter alia, that "[t]he duty to provide a seaworthy vessel requires that the vessel must be reasonably fit for its intended purpose and that the vessel, its gear, appurtenances and operation must be reasonably safe." Record, vol. II at 400.

