625 F.2d 1227
 Winnie Ola CRADOR as Executrix of the Estate of Hurby
Crador, substituted in place and stead of Hurby
Crador, deceased, Plaintiff-Appellee,
v.
LOUISIANA DEPARTMENT OF HIGHWAYS, State of Louisiana, in
personam, and Houston General Insurance Co.,
Defendants-Appellants.
 No. 78-1396.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 18, 1980.
 
 Maurice C. Hebert, Jr., Andree J. Mouledoux, New Orleans, La., General Counsel, Dept. of Highways, State of Louisiana, Ronald Thompson, Robert Jones, Baton Rouge, La., for defendants-appellants.
 Levingston, Ezell & Liles, Maurice L. Tynes, Billy H. Ezell, Lake Charles, La., for plaintiff-appellee.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before BROWN, GEWIN and POLITZ, Circuit Judges.
 POLITZ, Circuit Judge:
 
 
 1
 Hurby Crador, an employee of the appellant Louisiana Department of Highways, sustained a back injury on May 21, 1975, while repairing the transmission on appellant's vessel, the M/V GRAND LAKE FERRY. Crador sought damages for personal injury under the Jones Act, 46 U.S.C. § 688, and General Maritime Law, 33 U.S.C. § 905(b). The district court denied appellants' motions for summary judgment and for directed verdict. The jury found Crador to be a seaman and returned a verdict for $250,000. The district court then denied appellants' motions for judgment notwithstanding the verdict, for new trial, for partial new trial and for remittitur. We affirm.
 
 
 2
 Appellants assign multiple errors, challenging the finding that Crador was a seaman, the finding with respect to the GRAND LAKE FERRY's seaworthiness, the finding of actionable negligence, certain of the jury charges, the refusal to admit evidence of Crador's work history, the damages awarded, and the denial of appellants' various motions.
 
 
 3
 Crador was a mechanic. From July 1973 until June 1975, he repaired ferries, bridges, and vehicles owned by the Louisiana Department of Highways (LDH). The GRAND LAKE FERRY was temporarily used to transport vehicles across the Intercoastal Waterway while repairs were being made to a bridge. Between May 1, 1975 and May 21, 1975, Crador spent 92 hours working on ferries, 77 of which were spent on the GRAND LAKE FERRY.
 
 
 4
 Appellants contend that Crador was not entitled to seaman status at the time of his injury. The record reveals that Crador was assigned to do the work necessary "to keep (the GRAND LAKE FERRY) going." His duties materially contributed to the ferry's mission. His assignment, in the context made, was permanent. The district court denied a motion for summary judgment on the status issue and correctly submitted that issue to the jury. In Ross v. Mobil Oil Corporation, 474 F.2d 989 (5th Cir.1973), we affirmed the test to be applied in resolving the jury question issue which we had articulated in Offshore Company v. Robison, 266 F.2d 769, 779 (5th Cir.1959), as follows:
 
 
 5
 According to Robison there is a legally sufficient evidentiary basis for the case to go to the jury:
 
 
 6
 (1) If there is evidence that the injured workman was assigned permanently to a vessel (including special purpose structures not usually employed as a means of transport by water but designed to float on water) or performed a substantial part of his work on the vessel; and (2) If the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips.
 
 
 7
 474 F.2d at 990.
 
 
 8
 Seaman status is a mixed question of law and fact. Holland v. Allied Structural Steel Co., 539 F.2d 476 (5th Cir.1976). In examining the record within the framework of the Robison guidelines we are compelled to the conclusion that there was evidence that Crador was assigned "permanently" to the vessel on which he was injured and the duties he performed contributed to the accomplishment of the vessel's mission. Davis v. Hill Engineering, Inc., 549 F.2d 314 (5th Cir.1977). Finding an evidentiary basis for the jury's verdict, our function as an appellate court is completed. This factual dispute may not now be revived and presented to us on appeal. Manchack v. S/S Overseas Progress, 524 F.2d 918 (5th Cir.1975).
 
 
 9
 There is no merit in the challenge to the trial judge's refusal to allow evidence of Crador's work history during the two years before the accident. The court permitted evidence of Crador's work assignments during the time the GRAND LAKE FERRY was operational. This ruling is correct. One is not likely to be permanently assigned to a vessel, or even to spend a substantial amount of time on a vessel such as this ferry, unless it is in operation. The meaningful inquiry is the one permitted by the trial judge, i.e., how "permanent" was the assignment and how much time did Crador spend on the vessel after it was put into operation. This evidence was presented to the jury and the jury's conclusion forecloses further review. Manchack, supra.
 
 
 10
 Appellants challenge the jury's findings on negligence and unseaworthiness. The appropriate standard for testing the sufficiency of the evidence in a Jones Act case is whether there is a reasonable evidentiary basis for the jury verdict. Campbell v. Seacoast Products, Inc., 581 F.2d 98 (5th Cir.1978). Applying that standard we find ample evidence in the record from which the jury could find that the Department of Highways was negligent and its vessel was unseaworthy. For example, there was testimony that Crador was required to work in poorly lighted, awkward and confined quarters without adequate help and without suitable tools and equipment. Once again, upon finding this evidentiary basis our appellate function is exhausted. Manchack, supra.
 
 
 11
 Appellants next contend that the $250,000 damages awarded was excessive. Where a jury finds a particular quantum of damages and the trial court refuses to upset the verdict, before an appellate court orders a remittitur or a new trial, it must be "certain indeed that the award is contrary to all reason." Menard v. Penrod Drilling Co., 538 F.2d 1084, 1089 (5th Cir.1976). The evidence reflects that Crador was 48 years old and had a work life expectancy of 14 years and a life expectancy of 22 years at the time of the accident. He suffered a severe disabling back injury. He has been unable to work since the accident. The evidence discloses that he is in a constant state of pain, a previously asymptomatic kidney condition was activated, and he must have the assistance of his wife to walk up and down stairs. His wife discontinued employment to stay home and take care of him. In addition to the disability, the record reflects substantial physical pain and mental anguish.
 
 
 12
 Crador offered the testimony of a consulting actuary as an expert witness. The actuary testified that Crador had damages for loss of earnings of between $104,000 to $110,000, depending on what discount factor is used. In addition to loss of income the jury could award damages for pain and suffering and impact on one's normal life routines. Applying the Menard litmus we are not prepared to say that it is "certain indeed that the award is contrary to all reason." We decline to disturb it.
 
 
 13
 Appellants assign error to various of the jury instructions. We have examined each claimed error. Considering the totality of the instructions as given, and recognizing that the form and structure of the jury charge is within the discretion of the trial court, Vezina v. Theriot Marine Service, Inc., 554 F.2d 654 (5th Cir.1977), we find no reversible error. Appellants' complaint which most nearly approximates a serious challenge relates to the charge given that damages for impairment of earning capacity are to be measured on the basis of life expectancy. The charge should more appropriately refer to work life expectancy. However, in this instance, considering that the evidence by the expert, the only evidence given on the subject, related to work life expectancy, and viewing the quantum of damages awarded, we are not persuaded that the jury was in any way confused or misled by the charge as given.
 
 
 14
 Finally, appellants challenge the district court's rejection of their various motions. Their motion for summary judgment was properly denied. There was a valid, viable question as to whether Crador was a seaman. The motions for directed verdict and judgment n.o.v. were properly denied. In considering those motions the court must consider the evidence in the light most favorable to Crador, and determine whether there is a reasonable evidentiary basis for the jury verdict. Campbell v. Seacoast Products, Inc., supra.
 
 
 15
 Appellants' final motion was for a new trial. We will reverse the district court's refusal of a new trial only when there is an absolute absence of evidence to support the verdict. Litherland v. Petrolane Offshore Const. Services, 546 F.2d 129 (5th Cir.1977); Urti v. Transport Commercial Corporation, 479 F.2d 766 (5th Cir.1973).
 
 
 16
 The verdict of the jury and the actions and decisions of the district court are AFFIRMED.