469 So.2d 6 (1985)
O'Neil MELANCON
v.
TASSIN AMPHIBIOUS EQUIPMENT, INC., et al.
No. CA-2695.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
Rehearing Denied May 29, 1985.
*7 Eugene D. Brierre, New Orleans, for plaintiff-appellant, O'Neil Melancon.
R. Henry Sarpy, Jr., Earl A. Bridges, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellees, Tassin Amphibious Equipment, Inc., et al.
Before KLEES, LOBRANO and WILLIAMS, JJ.
KLEES, Judge.
Plaintiff appeals from the granting of a summary judgment in favor of defendants Texaco, Inc., and Pipelines, Inc. Plaintiff, an employee of Tassin Amphibious Equipment Company, was injured in an explosion while operating a dragline marsh buggy leased to Pipelines. At the time of the accident, Pipelines was performing work for Texaco in an oil field located near the mouth of the river in Plaquemines Parish. Plaintiff sued Tassin, Texaco, and Pipelines under the Jones Act and general maritime law. Texaco and Pipelines filed a motion for summary judgment claiming that the plaintiff was not entitled to recover, as a matter of law, on either his Jones Act or his unseaworthiness (general maritime law) claim. The trial court granted the motion, holding that because plaintiff was not a seaman at the time of the accident, he could not recover. We affirm.
In order to maintain an action under the Jones Act, 46 U.S.C.A. § 688, or under the general maritime law for unseaworthiness, the plaintiff must have been a seaman on a vessel at the time of the alleged injury. Garcia v. Queen, Ltd., 487 F.2d 625, 628 n. 6 (5th Cir.1973); Freeman v. Aetna Casualty & Surety Co., 398 F.2d 808 (5th Cir.1968); Dronet v. Reading & Bates Offshore Drilling Co., 367 F.2d 150 (5th Cir.1966); Offshore Co. v. Robison, 266 F.2d 769 (5th Cir.1959). In this case, the plaintiff cannot meet the requirements of Jones Act seaman status, nor can he recover under the unseaworthiness doctrine, because a marsh buggy is not a vessel.
*8 The jurisprudence is uniform in holding that a marsh buggy operating in a marsh does not constitute a vessel for purposes of the Jones Act or general maritime law. See Percle v. Western Geophysical Company of America, 528 F.Supp. 227 (E.D.La. 1981); Sanchez v. Kori Corp., No. 79-358 (E.D.La., Jan. 11, 1980), aff'd in part, 626 F.2d 171 (5th Cir.1980). In Percle, the plaintiffs sought to recover damages under the Jones Act and the general maritime law for the death of their son, who was killed operating a marsh buggy. The court held that the plaintiffs could not recover under the Jones Act or the doctrine of seaworthiness because the marsh buggy was not a vessel. 528 F.Supp. at 229. The court reasoned:
The test in the Fifth Circuit for determining whether a particular watercraft or other structure constitutes a vessel for purposes of the Jones Act requires examination of (1) the purpose for which it is constructed, and (2) the business in which it is engaged. Mere flotation on water does not constitute a structure a vessel.
An examination of both prongs of the test results in the conclusion that the marsh buggy was not designed primarily to be engaged in navigation or commerce. Its travel in navigable streams was so incidental to its primary purpose of travel in poor land conditions, and its use in navigable streams was such a small part of its total operational use that the marsh buggy cannot be regarded as a vessel at all times. This is not to say that the marsh buggy could not be regarded as a vessel if, at the time of the accident, it had actually been traveling in a navigable stream and thus have been engaged in navigation. This amphibious vehicle is then, at the most, what the descriptive phrase signifiesa "sometime vessel." At the time of the accident it was operating in the marsh where the depth of the water was about 12 inches. It was therefore not a vessel and Hubert Percle was not a seaman.
Id. at 230 [Citations omitted.]
Similarly, in Sanchez v. Kori Corp., supra, the court held that the plaintiff, who was injured while working as an oiler on a dragline marsh buggy, could not recover under the Jones Act or the general maritime law because the marsh buggy was not a vessel. At the time of the accident, the marsh buggy was operating in a mixed terrain consisting of marsh and water in a depth of up to two and a half feet. In granting summary judgment to the defendants on the issue of seaman status, the court noted that a marsh buggy is designed to work by propelling itself on its treads in water up to three and a half feet deep; beyond this depth, the marsh buggy merely floats on its pontoons and can perform no work. Therefore, the court concluded that the transportation of men and materials over water was incidental to the marsh buggy's main function of working on dry land or in swampy terrain.
Plaintiff Melancon has not cited any authority supporting the proposition that a marsh buggy is a vessel. Instead, plaintiff contends that it was improper for the trial court to decide this issue by means of summary judgment. We disagree. Although the issue of seaman status has been called a mixed question of law and fact (Crador v. Louisiana Department of Highways, 625 F.2d 1227 (5th Cir.1980), it has long been the rule in the federal Fifth Circuit that summary judgment may properly be granted when there is no reasonable evidentiary basis to support a jury finding that the injured person is a seaman. Billings v. Chevron, U.S.A., Inc., 618 F.2d 1108, 1110 (5th Cir.1980); Longmire v. Sea Drilling Corp., 610 F.2d 1342, 1346 (5th Cir.1980); Beard v. Shell Oil Co., 606 F.2d 515, 517 (5th Cir.1979); Owens v. Diamond M. Drilling Co., 487 F.2d 74, 76 (5th Cir. 1973).
In this case, the plaintiff claims that the summary judgment was improper because it was handed down after two days of testimony, before the trial judge had an opportunity to hear all the evidence. This contention is without merit, as there is no requirement that the trial court hear any *9 testimony before granting a summary judgment. The court need only be convinced, based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, that there is no genuine issue of material fact. LSA-C. C.P. art. 966.
In his brief, plaintiff contends that there is a genuine issue of fact as to whether the marsh buggy was operating in a navigable stream at the time of the accident, claiming that the vehicle was located "one half on the edge of the marsh and one half ... in the navigable canal." However, in his original memorandum in opposition to the defendants' motion, plaintiff admits that the marsh buggy was operating in two feet of water at the time of the accident. Based on this evidence, it was reasonable for the trial judge to have concluded that the marsh buggy was not operating in a navigable stream and therefore was not a vessel under the rule of Percle and Sanchez. Under these circumstances, we will not overturn the summary judgment.
Accordingly, for the reasons given, we affirm the judgment of the trial court. All costs to be borne by appellant.
AFFIRMED.