Timothy STROTHER

v.

**BREN LYNN CORPORATION.**

Civ. A. No. 86–1336.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

June 16, 1987.

Leonard A. Radlauer, New Orleans, La., for plaintiff.

Leonard A. Young, New Orleans, La., for defendant.

## MEMORANDUM RULING

DUHE, District Judge.

To prevail in this action, plaintiff Timothy Strother must state a general maritime law claim. The characterization of a tort claim as maritime requires both maritime locality and a significant relationship to traditional maritime activity. *See Executive Jet Aviation, Inc. v. City of Cleveland, Ohio,* 409 U.S. 249, 253, 93 S.Ct. 493, 497, 34 L.Ed.2d 454 (1972); *Foremost Insurance Co. v. Richardson,* 457 U.S. 668, 673, 102 S.Ct. 2654, 2658, 73 L.Ed.2d 300 (1982); *cf. Woessner v. Johns–Mansville Sales Corp.,* 757 F.2d 634, 638 (5th Cir.1985) (admiralty jurisdiction of tort claims). Accordingly, Strother must raise a genuine factual dispute concerning these controlling issues to survive a motion for summary judgment. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986). Strother cannot rely on an absence of evidence to preserve this action for trial. *See Fontenot v. Upjohn,* 780 F.2d 1190, 1192 (5th Cir.1986).

The only evidence contained in the current record consists of the deposition testimony of plaintiff and his supervisor, Keith J. Manning. Both men indicate that plaintiff's injury occurred in an inland marsh. This area is described as "rang[ing] with water, some small amounts of water and green grass, mostly grass and vegetation." Manning deposition p. 7. Manning further testified that the water depth ranged from zero to three feet, and that "the only type of boat that you [could even] think about putting in there was [an] air boat or maybe

a small pirogue." Manning deposition pp. 16–17. *See also* Manning deposition pp. 18–19.

 The test of navigability is the capability of a waterway to be used in commerce. *Richardson v. Foreman Insurance Co.*, 641 F.2d 314, 316 (5th Cir.1981), *aff'd* 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982). *See also Wilder v. Placid Oil*, 611 F.Supp. 841, 845 (W.D.La. 1985). Commerce is defined as activity related to the business of shipping. *Adams v. Montana Power Company*, 528 F.2d 437, 439 (9th Cir.1975), citing *The Montello*, 87 U.S. (20 Wall.) 430, 442, 22 L.Ed. 391 (1874). The area in which Strother was injured is clearly incapable of supporting maritime commerce. Because this marsh is not navigable, Strother's claim fails the test of maritime locality.

Moreover, consideration of the four factors outlined in *Kelly v. Smith*, 485 F.2d 520, 525 (5th Cir.1973), *cert. denied*, 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974), indicates that Strother's work bore no significant relationship to traditional maritime activity. The amphibious vehicle involved was not a vessel. *See Percle v. Western Geophysical Co. of America*, 528 F.Supp. 227, 230 (E.D.La.1981); *see also Barger v. Petroleum Helicopters, Inc.*, 692 F.2d 337, 339 (5th Cir.1982) (amphibious aircraft); *Bernard v. Binnings Construction Co., Inc.*, 741 F.2d 824, 828–29 (5th Cir.1984) (Jones Act vessel). *Compare Melancon v. Tassin Amphibious Equipment, Inc.*, 469 So.2d 6, 8 (La.App.1985), *writ denied*, 474 So.2d 1309 (La.1985), *with Cambre v. Tassin Amphibious Equipment Corp.*, 464 So.2d 878, 880 (La.App. 1985), *writ denied*, 466 So.2d 1302 (La. 1985). Strother was not performing a traditional seaman's role. The causation of his injury was not uniquely associated with a marine environment. Finally, the purpose of the constitutional grant of admiralty jurisdiction—uniformity in maritime law—is not implicated by this action. Strother's essentially terrestrial activities are properly governed by state law. *See Adams v. Montana Power Company*, 354

F.Supp. 1111, 1113 (D.Montana 1973), *aff'd*, 528 F.2d 437 (9th Cir.1975).

Because Strother fails to state a general maritime law claim, summary judgment is proper. Although diversity jurisdiction may exist, the application of Louisiana law mandates dismissal for a failure to file this suit within the one year prescriptive period set out in La.Civ.Code art. 3492 (West Supp.1987).

## JUDGMENT

For the written reasons assigned in the Memorandum Ruling of this date:

IT IS ORDERED that the motion of defendant Bren Lynn Corporation for summary judgment be GRANTED, and plaintiff Timothy Strother's claims be DISMISSED WITH PREJUDICE.