UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-30341

IN THE MATTER OF DESTINY DRILLING (USA) INC.,
Owner and/or Owners Pro Hac Vice
of AIRBOAT SSGC NO. 1 (now designated SS UNIT 460)

DESTINY DRILLING (USA) INC.,
as Owner and/or Owners Pro Hac Vice
of AIRBOAT SSGC NO. 1 (now designated SS UNIT 460);

Plaintiff-Appellee,

v.

FRANK A HAIRE, JR.;

Claimant-Appellant,

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-1056)

June 10, 1999

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Frank A. Haire, Jr., an employee of Destiny Drilling (USA), Inc. ("Destiny"), was injured while operating an airboat in a floating marsh in St. Mary Parish, Louisiana. Lacking sufficient lubricant on its hull, the airboat became entangled in the thick vegetation covering the surface and lurking beneath the murky marsh waters. In order to free the airboat, Haire tied down the boat's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

accelerator, removed himself to the marsh, and attempted to push the airboat free of the vegetation. In the process, he injured his lower back.

To recover for his injury, Haire filed suit in Louisiana state court under the Jones Act, 42 U.S.C. § 688, and the General Maritime Law. In turn, Destiny instituted a limitation proceeding in federal court and moved to stay Haire's state suit. The parties filed cross-motions for summary judgment in the district court, arguing Haire's status as a Jones Act seaman. Finding Haire was not a seaman, the district court exonerated Destiny from liability. We affirm.

A worker is considered a Jones Act seaman if injured while working aboard a "vessel in navigation." See Bernard v. Binnings Constr. Co., 741 F.2d 824, 827 (5th Cir. 1984); Offshore Co. v. Robison, 266 F.2d 769, 776 (5th Cir. 1959). Although a worker's status as a seaman is normally a question for the trier of fact, a court may grant summary judgment on the issue when the underlying facts are undisputed and no reasonable person could disagree on the claimant's status. See Bernard, 741 F.2d at 827-28. When a district court grants summary judgment, this court reviews the determination de novo, employing the same standards as the district court. See Urbano v. Continental Airlines, Inc., 138 F.3d 204, 205 (5th Cir.), cert. denied, --- U.S. ---, 119 S. Ct. 509 (1998). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, the record reflects that no genuine issue of material fact exists, and

the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 2552-53 (1986); see also Fed. R. Civ. P. 56(c).

Under the Jones Act, this court has defined a "vessel" as a "structure designed or utilized for 'transportation of passengers, cargo or equipment from place to place across navigable waters.'"  See Bernard, 741 F.2d at 828-29 (emphasis added) (quoting Cook v. Belden Concrete Prods., Inc., 472 F.2d 999, 1002 (5th Cir. 1973)); see also 1 U.S.C. § 3 (defining vessel as any "artificial contrivance used . . . as a means of transportation on water").  Based on the facts of this case, the airboat on which Haire was working was not a vessel engaged in navigation over navigable waters.  This court has previously refused to ascribe navigable water status to several bayous characterized as shallow (between seven and 18 inches deep), clogged, and terminating in marsh.  See Dardar v. LaFourche Realty Co., 55 F.3d 1082, 1085 (5th Cir. 1995).  The stipulated facts in this dispute describe the St. Mary Parish marsh as non-navigable, shallow, and vegetation-choked. Haire admits that an airboat is the only craft capable of traversing the marsh -- other boats are incapable.  Indeed, it would be strange to hold that a marsh constituted a "navigable" waterway when the area was so overgrown that Haire's craft became mired in vegetation.[1]  Admittedly, an airboat can operate in the

---

[1]    See LaFourche, 55 F.3d at 1085 (defining navigable waterway as "highways for commerce, over which trade and travel are or may be conducted in customary modes" (quoting The Daniel Ball, 77 U.S. (10 Wall.) 557, 563 (1870)); see also, e.g., Strother v. Bren Lynn Corp., 671 F. Supp. 1118, 1119 (W.D. La. 1987) (marsh not navigable water; amphibious vehicle not vessel); Percle v.

**3**

shallows of navigable waters, but the ability to float and move across navigable waters is not determinative of vessel status. See Bernard, 741 F.2d at 829.

An airboat is constructed as a means of transportation across non-navigable waters. Haire has stipulated as much. Moreover, when Haire was injured, the airboat was being operated in a non-navigable marsh. Under these circumstances, the district court did not err in determining that the airboat was not a vessel in navigation over navigable waters for Jones Act purposes.

**AFFIRMED.**

James L. Dennis, specially concurring:

I respectfully concur because on the record presented for our review a reasonable trier of fact could not find that the particular airboat in this case was ever actually operated on or designed for operation on navigable waters.

---

Western Geophysical Co. of Am., 528 F. Supp. 227, 230 (E.D. La. 1981) (marsh not navigable water; marsh buggy not vessel when operating in marsh). While Haire cites Maddox v. Omni Drilling Corp., 698 So. 2d 1022 (La. Ct. App. 1997) (finding airboat constituted Jones Act vessel), we find the case less than compelling, distinguishable, and erroneous.