**Ernest Lee IRVAN, Plaintiff-Appellant, Cross-Appellee,**

v.

**FROZEN FOOD EXPRESS, INC., Defendant-Appellee, Cross-Appellant.**

**No. 86–2447 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 13, 1987.

EDITH H. JONES, Circuit Judge:

Appellant Ernest Lee Irvan ("Irvan") appeals from the district court's denial of his motion for new trial and entry of a judgment on a verdict alleged to be contrary to law and against the great weight of the evidence. Finding no error in the district court judgment, we AFFIRM.

This is Irvan's second appearance before this court. Irvan instituted this action due to a back injury he received in the spring of 1983 while lifting pallets at the loading dock of the appellee, Frozen Food Express, Inc. The case was originally tried before a jury in October of 1984, and resulted in a $400,000 verdict in favor of Irvan. On January 21, 1986, the case was reversed and remanded for a new trial because Irvan's counsel made an improper appeal to the passion and prejudice of the jury. *Irvan v. Frozen Food Express, Inc.*, 780 F.2d 1228 (5th Cir.1986). Subsequently, the case was retried and resulted in a verdict for Irvan in the amount of $30,000 for past lost wages and $10,000 for past pain and mental anguish. The jury awarded zero damages for future wage loss and for future pain and mental anguish.

In this appeal, Irvan asserts that the jury's failure to award elements of future damage was both against the great weight of the evidence and contrary to the uncontroverted evidence. Irvan therefore contends that the lower court's failure to grant a new trial was an abuse of the trial court's discretion.

██ In *Urti v. Transport Commercial Corporation*, 479 F.2d 766 (5th Cir.1973), this court established standards for reviewing the denial of a motion for a new trial. The trial court will be deemed to have abused its discretion in denying a new trial when there is an " 'absolute absence of evidence to support the jury's verdict.' " Id. at 769 (quoting *Indamer Corp. v. Crandon*, 217 F.2d 391, 393 (5th Cir.1954)). Thus, in order to remand the case for a new trial, this court must find that there was a complete absence of evidence in support of the jury's verdict.

---

Nicholas H. Patton, Young, Patton & Folsom, Texarkana, Tex., for plaintiff-appellant, cross-appellee.

Alan D. Harrel, Atchley, Russell, Waldrop & Hlavinka, Texarkana, Tex., for defendant-appellee, cross-appellant.

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

A thorough examination of the record in the instant case indicates that the appellant has not shown the awards of zero dollars for future damages were wholly unsupported by the evidence. A number of facts support the jury's verdict. Irvan's back was operated on in the summer of 1983, yet Irvan began driving a truck again in 1984 and drove full time in 1985 and 1986. He has taken no medication for pain and sought no medical treatment of any kind since January, 1984. As to the change in Irvan's income in the years following his accident, the jury could have found numerous causes to explain the decline. Bad business decisions, bad business climate, increased truck repairs and expenses, and the operation of one truck instead of two are possible explanations which were introduced at trial. See also *Boeing Co. v. Shipman,* 411 F.2d 365, 375 (5th Cir.1969) ("it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses").

Irvan makes a final allegation that something must have been wrong with the second jury's deliberations because their verdict of $40,000 was incongruous with the original jury's verdict of $400,000. However, as we pointed out in Irvan's last appeal to this court, Irvan's tactics at the original trial inflamed the jury and resulted in our reversing the $400,000 award. 780 F.2d at 1231. The disparity between the two awards thus has no bearing on the merits of this appeal.

The judgment of the district court is accordingly AFFIRMED.