Richard M. Simses, Linn F. Freedman, Abbott, Best & Meeks, New Orleans, La., for defendant-appellant.

Berney L. Strauss, Marshall J. Hough, Strauss & Assoc., New Orleans, La., for plaintiff-appellee.

Before KING, GARWOOD, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

In this Jones Act case a seaman's employer appeals the district court's denial of its motions for judgment notwithstanding the verdict, new trial, and remittitur following an adverse jury verdict. We find no error and affirm.

Douglas Wayne COBB,
Plaintiff–Appellee,

v.

ROWAN COMPANIES, INC.,
Defendant–Appellant.

No. 90–3236

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1991.

*Facts and District Court Proceedings*

Appellee, Douglas Wayne Cobb, was employed by Rowan Companies, Inc., as a welder aboard a drilling rig. His injury occurred in a van Rowan provided to transport crew members from an airport to a heliport. When the crew met the van, they were unable to open the van's rear door, which afforded access to the vehicle's luggage compartment. A dispute exists as to whether the door was broken or simply locked.

Crew members boarded the van with their luggage through the side door. Cobb, who was sitting in the rear seat, helped stow the luggage by lifting the bags over the back of the seat into the designed luggage area. While lifting one of the bags, Cobb strained his back. The weight and ownership of the bag being handled by

Cobb at the moment of the injury is in dispute.

Cobb then sued Rowan and a jury returned a verdict in his favor awarding him $543,750 in damages. Rowan subsequently moved for judgment notwithstanding the verdict, for a new trial, and for remittitur. Those motions were denied by the district court and the instant appeal followed.

### Discussion

Appellants argue that there is no evidence to support the jury's finding that Rowan was negligent and that, therefore, the district court should have entered a judgment notwithstanding the verdict or granted a new trial.

When reviewing the district court's denial of a defendant's motion for judgment notwithstanding the verdict on a Jones Act claim we apply the standard articulated by the Supreme Court in *Lavender v. Kurn*, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916 (1946) applies. *See Springborn v. American Commercial Barge Lines, Inc.*, 767 F.2d 89, 98 (5th Cir.1985). JNOV is proper only where there is "a complete absence of probative facts" to support a contrary conclusion.

■ Applying this standard to the facts of this case, we cannot say that there was a complete absence of probative fact to support the jury's conclusion that Cobb's injuries were caused by Rowan's negligence.

According to the appellant, the fact that the van's rear door would not open was explained by the driver who testified that it was simply locked. However, there was evidence to suggest that the testifying driver was not the driver on this particular trip. Although Rowan resists this notion, the credibility and accuracy of the witness was for the jury to decide. Further we believe that, from the extensive evidence concerning the efforts to open the van's rear door, the jury could reasonably conclude that it was not in proper working condition.

Appellant goes to great lengths to show that none of the bags lifted by Cobb weighed thirty-five pounds. However, Cobb's medical expert testified that a bag weighing as little as ten pounds could have caused Cobb's injuries. Further, there was evidence before the jury that it could consider in determining whether the weights listed on the manifest prepared for the helo transport were accurate or not. Coupling this evidence and the medical evidence with the testimony given by various crew members as to how the luggage was being moved within the van during transport, there was not a complete absence of probative facts that Cobb's injuries were caused by his lifting a luggage bag. In fact, probative evidence existed on both sides of both the negligence and causation issues.

The decision to grant a new trial is within the sound discretion of the trial judge. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir.1982). Denial of a new trial will be reversed only for abuse of that discretion. *Id.* When reviewing the district court's action, the evidence is viewed in the light most favorable to the jury verdict. *Boyle v. Pool Offshore Co., Div. of Enserch Corp.*, 893 F.2d 713, 717 (5th Cir.1990). The district court abuses its discretion by denying a new trial only when there is an "absolute absence of evidence to support the jury's verdict." *Irvan v. Frozen Food Express, Inc.*, 809 F.2d 1165, 1166 (5th Cir.1987).

Applying this standard, the district court's denial of a new trial we must uphold because, as previously shown, there was evidence to support the jury's determination that Rowan's negligence caused Cobb's injuries.

■ We articulated the standard for reviewing the amount of a jury award in *Sam's Style Shop v. Cosmos Broadcasting Corp.*, 694 F.2d 998, 1006 (5th Cir.1982).

In reviewing a jury award, we are actually, of course, reviewing the district court's denial of a motion for a new trial or remittitur. Because the district court has a wide range for discretion in acting on such motions, our standard of review is not simply right or wrong but abuse of discretion. *Menard v. Penrod Drilling Co.*, 538 F.2d 1084, 1088 (5th Cir.1976).

(grave abuse of discretion); *Ward v. Buehler*, 472 F.2d 1170, 1171 (5th Cir. 1973) (per curiam) (clear abuse of discretion). *See Pellegrin v. J. Ray McDermott & Co., Inc.*, 504 F.2d 884, 885 (5th Cir.1974) (per curiam) (grave abuse of discretion)....

We have stated the test for this review in various ways, saying, for example, that there is no such abuse of discretion unless there is a complete absence of evidence to support the verdict. *See Vallot v. Central Gulf Lines, Inc.*, 641 F.2d 347 (5th Cir.1981) (per curiam); *Crador v. Louisiana Department of Highways*, 625 F.2d 1227, 1230 (5th Cir. 1980), *cert. denied*, 452 U.S. 915, 101 S.Ct. 3048, 69 L.Ed.2d 417 (1981). We have also said that the verdict cannot be upset unless it is so excessive that no reasonable juror, unswayed by passion or prejudice, could have awarded that amount. *See Allen v. Seacoast Products, Inc.*, 623 F.2d 355, 364 (5th Cir. 1980). At other times, we have articulated the question as whether the award was contrary to all reason. *See Menard*, 538 F.2d at 1084, 1089; *Machado v. States Marine–Isthmian Agency, Inc.*, 411 F.2d 584, 586 (5th Cir.1969).

In this case, we conclude that the jury's award was not contrary to all reason. This conclusion applies to both the past[1] and future lost wages as determined separately by the jury. Accordingly, we

AFFIRM.

---

**1.** Appellant contends that Cobb's earnings from 1988 ($7,780.18) were not considered by the jury in fixing his past lost wages. However, Cobb's expert, Dr. Goodman, testified that his past lost wages equalled $81,000. Accepting this figure and subtracting the 1988 wages, we note that the jury still could have awarded up to $73,-219.82. Regardless, nothing appears in the record to suggest that the jury did not consider the calculations of Rowan's expert, Dr. Wood.