**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 8, 2012

Lyle W. Cayce
Clerk

No. 11-10339

EDWARD WALLNER; EDWARD R. WALLNER ROTH IRA,

Plaintiffs-Appellees

v.

MICHAEL ZIEGLER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
USDC No. 09-00587

Before KING, BENAVIDES, and DENNIS, Circuit Judges..

PER CURIAM:[*]

This is an appeal from the denial of a Federal Rule of Civil Procedure 59(e) motion for a new trial. The Plaintiffs, Edward Wallner and his ROTH IRA (collectively "Wallner"), brought suit, alleging, among other things, common-law and statutory fraud and civil conspiracy. After a four-day trial, the jury returned a verdict in favor of Wallner for common-law fraud, statutory fraud, and civil conspiracy.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10339

The only challenge on appeal is to the denial of the motion for new trial. The Defendant-Appellant, Michael Ziegler ("Ziegler"), argues that the jury's award of exemplary damages was not supported by clear and convincing evidence and that counsel's closing arguments were improper and prejudiced the verdict.

Our review of the denial of a motion for new trial "is more limited than when one is granted." *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 431 (5th Cir. 2003) (internal quotation marks and citation omitted). This Court "must affirm the district court's denial of [a] motion for a new trial absent a 'clear showing of an abuse of discretion.'" *Id.* (quoting *Hidden Oaks Ltd. v. City of Austin,* 138 F.3d 1036, 1049 (5th Cir. 1998)). This Court's review of a denial of a motion for new trial on the ground of insufficient evidence is very limited in that a district court "will be deemed to have abused its discretion in denying a new trial [only] when there is an absolute absence of evidence to support the jury's verdict." *Irvan v. Frozen Food Exp., Inc.*, 809 F.2d 1165, 1166 (5th Cir. 1987) (internal quotation marks and citation omitted). Further, a "district court may order a new trial if improper closing argument irreparably prejudices a jury verdict or if a jury fails to follow instructions." *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 619 (5th Cir. 1988). Using these standards as our guideposts, we hold that Ziegler has not made a clear showing of an abuse of discretion.

Ziegler contends that counsel's closing argument was prejudicial in that counsel urged the jury to assume that certain individuals who were not called to testify would have given testimony unfavorable to Ziegler. This Court "has long recognized that a party's failure to call available witnesses or produce evidence that would clarify or explain disputed factual issues can give rise to a presumption that the evidence, if produced, would be unfavorable to that party." *United States. v. Wilson*, 322 F.3d 353, 363 (5th Cir. 2003). For the presumption

No. 11-10339

to apply, the missing witness must have "some sort of connection to the party, such that one would expect that the missing witness's testimony would corroborate that party's theory of the case, such as a party's employee or attorney whose legal advice was at issue." *United States v. Santos,* 589 F.3d 759, 764 (5th Cir. 2009).

Counsel made the "missing witness" argument in reference to Randyl Meigs, the attorney for two companies owned by Ziegler. Counsel also made this argument in reference to Jason Love and Erick Farish, who both worked for and were officers of TDHB, which is owned by Ziegler. Accordingly, the missing witnesses all had a connection to Ziegler. Thus, it "cannot be said that [these witnesses were] as available" to Wallner as to Ziegler. *McClanahan v. United States,* 230 F.2d 919, 925 (5th Cir. 1956). Because the missing witnesses all had a connection to Ziegler such that one would expect their testimony to corroborate Ziegler's story, Ziegler has not shown that counsel's argument was improper.[1]

Ziegler next contends that counsel's remarks with respect to Ziegler's financial condition constituted plain error. "This Court will consider errors to which no objections were made at trial but will exercise this power only in exceptional cases where the interest of substantial justice is at stake. [citation omitted]. To reverse, this Court must find plain error." *Shipman v. Central Gulf Lines, Inc.,*709 F.2d 383, 388 (5th Cir. 1983).[2]

---

[1] Ziegler also contends that counsel's reference during closing argument to Love as "the other partner in this scam" was improper argument and prejudiced the jury. Although Ziegler claims there was no evidence that Love was complicit in the fraud, the evidence demonstrates that Love was a partner in TDHB and that he assisted in preparing the proposal that was used to defraud Wallner. Ziegler has thus failed to show that this argument was improper.

[2] Ziegler argues that counsel's urging the jury to consider why the defendants had not introduced financial records flouted the court's ruling that no reference should be made with respect to Ziegler's filing of bankruptcy on the eve of trial. Because counsel's remarks do not explicitly refer to the filing of bankruptcy, they do not constitute plain error.

No. 11-10339

Ziegler's principal challenge is to counsel's rhetorical question to the jury during closing argument: "Who knows whether they have transferred all of their funds to friends?" Wallner does not point to any evidence showing that Ziegler transferred funds to his friends. Because there was no evidence of Ziegler's transferring funds to friends, counsel's assertion was improper. *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 778 (5th Cir. 2009).

In an attempt to show that the interest of substantial justice is at stake, Ziegler cites to *Hall v. Freese,* 735 F.2d 956 (5th Cir. 1984). In *Hall*, the plaintiff's counsel failed to object to opposing counsel's assertions that were either false or without basis in the record. Although this Court strongly condemned counsel's misconduct, it expressly stated that it "would not reverse the district court in this case on the basis of these remarks alone, absent a timely objection." *Id.* at 962. Ultimately, however, this Court reversed because, after reviewing the evidence, counsel's unfair argument, and the damages verdict, it concluded that substantial injustice had been done. *Id.* at 961-62. More specifically, although the plaintiff was severely disabled for life, the jury awarded her a total of $55,000. *Id.* at 961.

In contrast, in the instant case, with respect to compensatory damages, the jury awarded Wallner what he had invested in the ventures, $1,500,000. The award of exemplary damages was $150,000, one-tenth of the compensatory damages. Thus, the verdict does not plainly indicate the remarks prejudiced the jury. The district court found that, because the evidence introduced at trial overwhelmingly supported a finding of fraud, counsel's arguments did not warrant a new trial. The court further found that, to the extent counsel's statements were improper, "the weight of the evidence presented at trial minimized any prejudicial effect of such statements." Moreover, the district court's instructions that counsel's arguments did not constitute evidence and that the jury should only consider the evidence introduced at trial effectively

No. 11-10339

minimized any prejudice flowing from improper remarks. *Learmonth v. Sears, Roebuck and Co.*, 631 F.3d 724, 732-33 (5th Cir. 2011). Accordingly, Ziegler has not shown plain error.

Finally, Ziegler contends that the district court erred in denying his motion for new trial because Wallner did not establish by clear and convincing evidence that Ziegler committed fraud. *See* TEX. CIV. PRAC. & REM. CODE § 41.003(1). The court's jury charge defined "clear and convincing evidence" as "evidence that produces in your minds a firm belief or conviction as to the truth of the allegations sought to be established." Ziegler does not challenge this instruction on appeal.

At trial, Ziegler admitted that Wallner had traded a $1 million debt owed to Wallner by TDHB—a company that owned real property such as townhomes, apartment complexes, and condo projects—for shares of stock in Triad, a company with virtually no assets or business. Additionally, the jury was free to believe Wallner's testimony that Ziegler failed to inform him that TDHB lacked sufficient cash to repay the debt at the time Wallner rolled it over. Further, the evidence demonstrated that Ziegler used Wallner's $500,000 to purchase a tract of land in Waxahachie in the name of the 777 Development Group, a company that Wallner was not aware existed. Wallner testified that he would not have rolled over the $1 million note and invested an additional $500,000 in Triad had he known of the 777 Development Group. Wallner also testified he would not have invested the additional $500,000 if he had known that TDHB did not have $1 million to repay the note. In light of this evidence, Ziegler cannot show that "there is an absolute absence of evidence to support the jury's verdict." *Irvan*, 809 F.2d at 1166. Thus, the district court did not abuse its discretion in denying the motion for new trial based on insufficient evidence of fraud.[3]

---

[3] Ziegler also contends that Wallner's experience as a sophisticated businessman precludes a finding of justifiable reliance on Ziegler's representations. Although Wallner was

No. 11-10339

For the above reasons, the district court's judgment is AFFIRMED.

---

certainly an experienced businessman, the evidence does not establish that it was "extremely unlikely" that he actually relied on the defendant's misrepresentations. *Haralson v. Hutton Group, Inc.,* 919 F.2d 1014, 1026 (5th Cir. 1990), *abrogated on other grounds, Gustafson v. Alloyd Co, Inc.,* 513 U.S. 561 (1995).