# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2017

Lyle W. Cayce
Clerk

No. 15-20758

JUNIOUS VITAL; DAMON DARBY; HERBERT HEARD; BILLY ROSE; JEROME JOHNSON; EDWARD JILES; DEWARREN BELLARD; DAVID LANE,

Plaintiffs – Appellants Cross-Appellees

v.

NATIONAL OILWELL VARCO, L.P.,

Defendant – Appellee Cross-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1357

Before JOLLY, HIGGINBOTHAM, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs are eight African-American men who all worked at National Oilwell Varco's ("NOV") West Gulf Bank Road facility in Houston, Texas. Plaintiffs brought this suit in the district court alleging that they were the victims of harassment and retaliatory employment actions on the basis of their race. The district court granted in part and denied in part NOV's motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20758

summary judgment, and the remaining claims went to trial. After a thirteen-day trial, the jury returned a verdict for NOV on all claims. The district court subsequently denied post-trial motions, and Plaintiffs timely appealed to this Court. We affirm.

I.

On appeal, Plaintiffs argue that: (1) the admission of the complaint from another case was prejudicial error; (2) defense counsel's remarks during summation constitute reversible error; (3) the district court erred in granting summary judgment on the wrongful termination claims of Plaintiffs Vital, Heard, Jiles, and Bellard; and (4) that Plaintiff Johnson was entitled to a Judgment Notwithstanding the Verdict ("JNOV") or a new trial on his constructive termination claim.

NOV urges that Plaintiffs' briefing before this Court is deficient and fails to comply with Rule 28,[1] specifically pointing to: (1) the failure to provide a standard of review for two of Plaintiffs' appeals;[2] (2) deficiencies regarding citations to the record for each of Plaintiffs' appeals; (3) a failure to summarize or cite to the district court's rulings regarding Plaintiffs' appeals; and (4) the lack of an argument section regarding Johnson's appeal of his denial of JNOV or motion for a new trial. NOV notes that we have previously held that "[f]ailure to comply with the rules of this court regarding the contents of briefs can be grounds for dismissing a party's claims."[3]

---

[1] *See* FED. R. APP. P. 28.

[2] The argument section of Plaintiffs' brief correctly states that this Court reviews a grant of summary judgment *de novo*. The summary of the argument section of Plaintiffs' brief contains a partial statement of this Court's standard of review for improper statements by counsel during summation. Plaintiffs' brief does not contain this Court's standard of review for erroneous admission of evidence, denial of a motion for JNOV, or denial of a motion for a new trial.

[3] *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (citation omitted); *accord Davison v. Huntington Ingalls, Inc.*, 712 F.3d 884, 885 (5th Cir. 2013) (citing *Owens v. Sec'y of Army*, 354 F. App'x 156, 158 (5th Cir. 2009) (per curiam)) (holding that "[d]ismissal is

No. 15-20758

We are persuaded that Plaintiffs' briefing, while deficient, is here sufficient.

A.

Plaintiffs' first alleged error is the district court's admission into evidence of the complaint in another case, *Bryant, et al. v. FMC Technologies, Inc.*, and the cross examination of Plaintiff Vital regarding that complaint. We review the district court's evidentiary rulings for abuse of discretion,[4] and "[w]e reverse a judgment based on an erroneous evidentiary ruling only if that ruling 'affected the substantial rights of the parties.'"[5]

Plaintiffs argue that NOV's theory of the case—that Vital knew that Plaintiffs' counsel had been successful in the *FMC* litigation and shaped his allegations to match those of the *FMC* plaintiffs—was "superficial" and resulted in "a verdict based on passion and prejudice." NOV responds that it was entitled to present the jury with evidence supportive of its fabrication defense and that there was other corroborating evidence of fabrication in the record, such as the fact that Plaintiffs did not complain of seeing physical nooses in the workplace until after they had become aware of the facts of the *FMC* case.

The *FMC* complaint is relevant under the Federal Rules of Evidence in support of the defense of fabrication.[6] Plaintiffs appear to argue that the complaint should have been excluded under Rule 403 as unfairly prejudicial.[7]

---

warranted where the non-compliance is not merely 'technical or stylistic,' but rather is so 'fundamental' that it prevents the court from engaging in meaningful review.").

[4] *Johnson v. Ford Motor Co.*, 988 F.2d 573, 578 (5th Cir. 1993).

[5] *Aransas Project v. Shaw*, 775 F.3d 641, 655 (5th Cir. 2014) (quoting *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 992 (5th Cir. 2008)).

[6] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

[7] FED. R. EVID. 403.

3

But, the conclusory statement that the "verdict was based on passion and prejudice" notwithstanding, Plaintiffs have failed to articulate any unfair prejudicial value that would outweigh its relevance. The district court did not abuse its discretion in admitting the *FMC* complaint.

B.

Plaintiffs next argue that the court erred in failing to grant a new trial after defense counsel called Plaintiffs' counsel the "Hydra of Lerna" and a racist during closing arguments. We review the trial court's denial of a motion for a new trial for abuse of discretion.[8] "A motion for new trial premised on improper arguments by counsel should only be granted when 'improper closing argument irreparably prejudices a jury verdict or if a jury fails to follow instructions.'"[9] "A closing statement may implicate the interest of substantial justice when counsel's assertions are 'either false or without basis in the record.'"[10]

In context, the statements regarding the Hydra of Lerna refer to the case Plaintiffs' counsel had put before the jury and not Plaintiffs' counsel—NOV was analogizing Plaintiffs' theory of the case to a hydra and arguing that it had morphed and expanded over the course of the trial. Likewise, it does not appear that NOV called Plaintiffs' counsel racist, but rather argued that Plaintiffs' theory of the case was racist. Tellingly, an objection was not made when the statements were made. There was no error warranting a new trial.

---

[8] *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 770 (5th Cir. 2009) (citing *Dotson v. Clark Equip Co.*, 805 F.2d 1225, 1227 (5th Cir. 1986)).

[9] *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 509 (5th Cir. 2012) (quoting *Nissho-Iwai, Co. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 619 (5th Cir. 1988)).

[10] *In re Isbell Records, Inc.*, 774 F.3d 859, 872 (quoting *Wallner v. Ziegler*, 470 F. App'x 230, 233 (5th Cir. 2012)).

No. 15-20758

C.

Plaintiffs argue that the district court erred in granting summary judgment on the wrongful termination claims of Plaintiffs Bellard, Heard, Jiles, and Vital.[11] We review a district court's grant of summary judgment *de novo*, applying the same standard as the trial court.[12] On a motion for summary judgment in a Title VII discriminatory termination case based upon circumstantial evidence, this Court applies the familiar burden shifting framework:

> To survive summary judgment under *McDonnell Douglas*, the plaintiff must first present evidence of a prima facie case of discrimination. If the plaintiff presents a prima facie case, discrimination is presumed, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action. If the employer is able to state a legitimate rationale for its employment action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for racial discrimination.[13]

"A prima facie case is established once the plaintiff has proved that she (1) is a member of a protected class; (2) was qualified for her position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class."[14] Employees may also raise an inference of

---

[11] Plaintiffs also argue that the district court was wrong to grant summary judgment on Plaintiff Lane's wrongful termination claim. The district court denied summary judgment on Lane's wrongful termination claim. That claim went to trial and the jury found that race was not a motivating factor in Lane's termination.

[12] *Bacharach v. Suntrust Mortg., Inc.*, 827 F.3d 432, 434 (5th Cir. 2016)

[13] *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004) (citation omitted).

[14] *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999).

No. 15-20758

discrimination if they "compare [their] treatment to that of nearly identical, similarly situated individuals" who were not terminated.[15]

The district court found that each of the Plaintiffs against whom summary judgment was granted had either failed to make out the prima facie case for discrimination or had failed to provide competent summary judgment evidence that the reason for termination proffered by NOV was pretext. In their brief, Plaintiffs restate claims of racial slurs in the workplace and dispute the circumstances surrounding their terminations without offering evidence responsive to that finding. We have previously held that "[s]imply disputing the underlying facts of an employer's decision is not sufficient to create an issue of pretext."[16] Absent evidence that non-African-American employees were treated differently, that the Plaintiffs were replaced with non-African-American employees, or that management was not just mistaken about the events surrounding these terminations but used those events as a pretext for racial discrimination, Plaintiffs were not entitled to move to trial on these claims.[17]

D.

Plaintiffs finally argue that the district court erred by failing to grant JNOV or a new trial on Plaintiff Johnson's constructive termination claim. This Court will only reverse a district court's denial of JNOV if the evidence, viewed in the light most favorable to the non-movant, is such that no rational

---

[15] *Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) (citing *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995)).

[16] *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007) (quoting *Sandstad v. CB Richard Ellis, Inc.*, 309 F,3d 893, 899 (5th Cir. 2002)).

[17] "[E]vidence that the employer's investigation merely came to an incorrect conclusion does not establish a racial motivation behind an adverse employment decision. Management does not have to make proper decisions, only non-discriminatory ones." *Bryant*, 413 F.3d at 478.

No. 15-20758

jury could have found for the non-movant.[18] Our standard of review for denial of a new trial is similarly burdensome for an appellant:

> Our review of the denial of a new trial motion is more limited than when one is granted. The denial will be affirmed unless there is a clear showing of an absolute absence of evidence to support the jury's verdict, thus indicating that the trial court had abused its discretion in refusing to find the jury's verdict contrary to the great weight of the evidence.[19]

Plaintiffs failed to move for JNOV prior to the closing of the record and are foreclosed from doing so now.[20] Plaintiffs did move for a new trial, but their sole argument in support of a new trial is that the district court found a material issue of fact precluding summary judgment on Johnson's hostile work environment claims. This is essentially a recast of the no evidence contention, one we otherwise today reject.

## II.

NOV appeals the denial of certain costs by the district court. Our rule is that:

> Unless a federal statute, the [Federal Rules], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. Because [Rule 54] authorizes the district court to deny the award, we review that exercise of authority for abuse of discretion. It follows that a reduction in a cost award is likewise reviewed for abuse of discretion.[21]

The costs at issue largely turn on the district court's decision that the case before it was not exceptional and that the depositions obtained were not necessarily obtained for use in the case. We give "great latitude in [these]

---

[18] *See Horton v. Buhrke, a Div. of Klein Tools, Inc.*, 926 F.2d 456, 459 (5th Cir. 1991).

[19] *Lane v. R.A. Sims, Jr., Inc.*, 241 F.3d 439, 444 (5th Cir. 2001) (internal quotation marks omitted) (citation omitted).

[20] *See Sorrels v. Tex. Bank and Trust Co. of Jacksonville, Tex.*, 597 F.2d 997, 999 (5th Cir. 1979).

[21] *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 319 (5th Cir. 2013) (citations omitted) (internal quotation marks omitted).

determination[s],"[22] and NOV has failed to demonstrate that the district court abused its discretion. We affirm.

---

[22] *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (quoting *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991) (internal quotation marks omitted).